Ralph FOSKEY, Plaintiff,

v.

CLARK EQUIPMENT COMPANY, Defendant.

C.A. No. 87–187–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

June 27, 1989.

Lawrence O. Guillory, Warner Robins, Ga., for plaintiff.

Ronald D. Reemsnyder, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiff Ralph Foskey, an employee of Anchor Glass, utilized a 743 DS "Bobcat" [1] manufactured by defendant Clark Equipment Company to aid in the removal of "cullet," a mixture of molten and broken glass which was a by-product of a certain manufacturing process. This mixture fell from a chute and accumulated in piles upon the floor, similar to the manner in which a stalagmite is formed in a cave. Mr. Foskey's job consisted of removing the hot glass from beneath the chutes to an area where such glass could be further removed by a different and larger machine. Occasionally, Mr. Foskey had to "knock down" the glass stalagmites prior to removing the glass; however, if the glass pillars "fell over" by themselves, Mr. Foskey merely moved the remnants to the appointed location.

The Bobcat employed a front bucket to knock over the glass pillars and to transport the molten glass. Access to the cab of the machine was through the "open" frontal area of the Bobcat, open as contrasted with the metal cage which enclosed and protected the two sides of the cab area. The area above and behind the seat was

1. The Bobcat is a "skidsteer loader" used by Anchor Glass employees to knock down and/or to transport molten glass waste created by a certain manufacturing process. *See* Plaintiff's Exhibit No. 3, attached to Deposition of Thomas Ihringer ("Ihringer Deposition").

also open, providing an emergency exit. The pedals which control the movement of the front bucket and the brake were located in a partially recessed compartment on the floor of the cab. A "transmission hump" separated the two pedals from one another. *See* Plaintiff's Exhibit No. 5, p. 7, attached to Ihringer Deposition; Exhibits 1–8, photographs submitted by stipulation during oral argument on summary judgment motion; Ihringer Deposition, pp. 115–128.

On the occasion in question, the hot glass waste pouring from Chute 23 [2] had been forming piles every twenty minutes or so. The pillar formed by this flow had been falling over of its own accord, thus negating any necessity to knock over the pile of glass waste with the Bobcat machine. *See* Deposition of Ralph Foskey ("Foskey Deposition"), pp. 66–68. While maneuvering his machine to knock down the glass stalagmite beneath Chute 22, the pile beneath Chute 23 unexpectedly fell toward Mr. Foskey and the Clark Bobcat. A portion of the glass column fell into the cab of the Clark Bobcat. The pillar did not strike Mr. Foskey; instead, it rested upon the frame of the Bobcat a few inches above Mr. Foskey's right leg. Foskey Deposition, pp. 61–65.

Mr. Foskey attempted to extricate himself from the cab and to escape the hot glass pillar; however, the position of the pillar across the cab of the Bobcat prevented him from raising his legs into an "escape" position. After several attempts to move the pillar, including ramming the Bobcat into a wall, Mr. Foskey managed to push the pillar into a position which allowed him to exit the cab. He suffered burns to his right leg and to both of his arms and/or hands. *See* Foskey Deposition, pp. 73–79.

Plaintiff has brought the above-captioned action, which sounds in both strict products liability and negligence, contending that the Bobcat contained a design defect which proximately caused his injuries. Plaintiff alleges that, due to the recessed pedal compartment, the access and egress system in the Bobcat was defectively designed.[3] Plaintiff alleges that in an emergency situation such as the one under consideration in this case, that is, where a hot item has fallen onto and is being supported by the frame of the machine, a Bobcat operator like Mr. Foskey is subjected to intense heat yet is prevented by the hot items from raising his legs from the recessed pedal compartment to utilize either the normal or the emergency exit. Plaintiff contends that the floor of the Bobcat should have been designed differently, *i.e.*, that the transmission hump should be removed and that the recessed pedal compartment should be eliminated, thereby allowing an operator to "slide" his legs in either direction to effect an exit. Plaintiff further alleges that the configuration of the pedal compartment is a "latent defect," imposing upon the manufacturer the duty to warn users of the possibility of being "trapped" in the machine.

Defendant has moved this court for summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c) requires the entry of summary judgment, upon motion, against a party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of any element essential to his case and upon which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Movant may discharge this burden

---

**2.** Numerous chutes from which glass waste poured were located in the same general area as was Chute 23.

**3.** Plaintiff does not contend that the open frontal area constitutes a design defect. Plaintiff focuses entirely upon the access and egress system. Thus, plaintiff seeks to recover for the degree to which the allegedly defectively designed access and egress system enhanced his injuries, *i.e.*, the burns to his leg caused by any delay in escape and the burns to his arms and/or hands caused by his use thereof to push the glass pillar out of the way.

by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. The court, however, must review the evidence and all factual inferences in the light most favorable to the nonmovant. *Thrasher v. State Farm Fire & Casualty Co.*, 734 F.2d 637, 639 (11th Cir.1984).

■ O.C.G.A. § 51–1–11(b)(1) provides as follows:

> The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

However, a manufacturer of a product is not an insurer. To recover under this statutory version of strict liability, "plaintiff must show that the manufacturer's product when sold by the manufacturer was defective." *Center Chemical Company v. Parzini*, 234 Ga. 868, 869, 218 S.E.2d 580, 582 (1975). "A product is not in a defective condition when it is safe for normal [use]." Restatement of Torts, Second, § 402, Comment h, quoted in *Greenway v. Peabody International Corp.*, 163 Ga.App. 698, 703, 294 S.E.2d 541, 546 (1982). Further, while a manufacturer may have a duty to warn of dangers which it has reason to anticipate may result from a particular use, that duty to warn does not extend to obvious or known dangers. *Greenway*, 163 Ga.App. at 702–705, 294 S.E.2d at 546–47.

■ The concept of a defect is one best analyzed on a case-by-case basis. *Parzini*, 234 Ga. at 869, 218 S.E.2d at 582. In the case *sub judice*, plaintiff contends in hindsight that the same recessed pedal compartment which most likely prevented the hot molten glass pillar from falling directly upon plaintiff's legs constitutes a design defect in the access and egress system because that compartment allegedly prevented his utilization of the emergency exit. In this court's considered opinion, such hindsight is not determinative on the question of a defect. Plaintiff makes no allegation that the Bobcat was not reasonably safe for its intended use, the movement of various material. Plaintiff does not and cannot contend that the Bobcat failed to include an emergency exit, one which appears appropriate for all but the most remote of occurrences, an occurrence which regrettably happened in this case. Plaintiff's focus upon this pedal compartment overlooks the obvious. In this instance, the position at which the glass pillar came to rest and the nature of the pillar itself (hot molten glass waste) blocked Mr. Foskey's path. Plaintiff's contentions regarding the configuration of the floor overlook the obvious. To expect a manufacturer to design an emergency exit for every accident, no matter how unusual or remote, is to require the manufacturer to become an insurer. Since such a requirement has yet to be imposed by law, this court determines that as a matter of law the access and egress system on the Bobcat simply does not constitute a design defect.[4]

The court also notes that the possibility of objects falling into the cab of the Bobcat is an obvious and known hazard. *See Stodghill v. Fiat–Allis Const. Mach., Inc.*, 163 Ga.App. 811, 295 S.E.2d 183 (1982) (absence of protective cage on front of bulldozer, allowing objects to enter cab of machine, was an obvious characteristic of machine, constituted no hidden peril, did not prevent machine from functioning properly for its intended purpose and thus was not a design or manufacturing defect under Georgia law). Considering the nature of plaintiff's job at Anchor Glass, plaintiff Ralph Foskey reasonably should have been aware of the obvious possibility that on some occasion the molten glass pillars might tumble into the cab of the Bobcat. Plaintiff likewise should have been aware that a glass pillar, or any heavy object,

---

**4.** In that the court has determined that the recessed pedal compartment was not a defect, plaintiff's contention regarding a duty to warn of an alleged latent defect must fail. However, see the court's discussion below.

which fell into the cab could result in a Bobcat operator being trapped therein. Thus, even if the access and egress system had been defectively designed, the dangers concommitant with such a defect were open and obvious.

Regarding plaintiff's claim as predicated upon negligent design or negligent duty to warn, the court reaches the same result. The manufacturer of a product for sale or use by others "must use reasonable care and skill in designing it ... so that it is reasonably safe for the purposes for which it is intended, and for other uses which are foreseeably probable...." *Ford Motor Co. v. Stubblefield,* 171 Ga.App. 331, 335, 319 S.E.2d 470, 476 (1984) (other citations and emphasis omitted). A manufacturer must do everything necessary to make the machine function properly for the purpose for which such machine is designed. *Id.* at 334–35, 319 S.E.2d at 476. The manufacturer must also warn of any latent defects in the machine and of any non-obvious perils or dangers created by the functioning of the machine. *Id.* at 334–35, 319 S.E.2d at 476.

Defendant Clark manufactured a machine which was reasonably fit for the purposes for which it was intended. The machine included, as it should have, an access and egress system which provided for emergency exit in all but the most extraordinary circumstances. Plaintiff has produced no evidence to the contrary. This court thus finds no basis for plaintiff's claim of negligent design and negligent failure to warn.

Based upon the above discussion, this court finds that plaintiff has produced no evidence which tends to establish the existence of a design defect. Thus, defendant's motion for summary judgment is hereby GRANTED.[5]

SO ORDERED.

---

5. Plaintiff Ralph Foskey's wife, Geraldine Foskey, was added as a party plaintiff. Since Ms. Foskey's claim of loss of consortium depends upon the claim of her husband, this order necessarily disposes of her claim as well. Likewise, plaintiff's motion to compel is moot.