**Jerry Dean MORRIS, Plaintiff,**

v.

**CLARK EQUIPMENT CO., Defendant.**

No. 7:94–cv–134 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Nov. 16, 1995.

William W. Hinesley, Dothan, AL, Jeffrey C. Kirby, Birmingham, AL, and Rufus R. Smith, Dothan, AL, for plaintiff.

Ronald D. Reemsnyder, Atlanta, GA, for defendant.

### ORDER

OWENS, District Judge.

Before the court is defendant's motion for summary judgment on plaintiff's claims of strict liability, negligent design, negligent failure to warn, and breach of implied warranties. Defendant claims that as to the first three claims, the doctrine of "open and obvious danger" precludes plaintiff's recovery as a matter of law. As to the fourth claim, defendant argues that absence of privity is an absolute bar to plaintiff. After careful consideration of the argument of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

### I. FACTS

As admitted by plaintiff in his response to defendant's statement of material undisputed fact, the "basic facts concerning [plaintiff's] experiences as a forklift mechanic and concerning the events pertaining to the underlying accident are largely uncontested." Plaintiff's Brief, at 1. "All material facts set forth in the statement served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Local Rule 3.7.

Plaintiff is a forklift mechanic who has nearly twenty years' experience. Plaintiff's experience includes repair work done on lifts manufactured by defendant, and also includes repair work such as that which was to eventually be undertaken here, such as work on lift cylinders and lifting mechanisms. Plaintiff's experience also included knowledge of how to immobilize moving parts that had become stuck, through either "chaining" or "propping".

On November 7, 1993, plaintiff was called upon to inspect one of his employer's forklifts, which had been designed, manufactured, and sold by defendant. This particular forklift had been outfitted with a clamp, as opposed to the typical forks, for the purpose of handling differently packaged materials. The clamp weighed anywhere from 800 to 1,000 pounds. Upon initial inspection, it appeared to plaintiff that the forklift's main lift cylinder was leaning over and that the clamp was stuck at about three-fourths elevation.

Plaintiff then climbed up from behind the clamp for closer inspection, facing the direction in which the forklift was pointed. He then climbed down for some tools. Plaintiff again climbed upon the forklift, again oriented in the same way, this time for the intended purpose of removing the sheave carrier guide bar. Having removed the sheave carrier guide bar, plaintiff proceeded to climb down from the forklift. Plaintiff did not chain or prop the mechanism, notwithstanding that he had access at the job site to the materials necessary to do so.

In the process, plaintiff placed his hand upon a horizontal, stationary "crossbar" that ran between the two vertical uprights of the forklift. This "crossbar" is what is referred to in design circles as a "pinchpoint"—a location where a moving part comes down on or passes by a stationary part. While plaintiff had his hand on the crossbar, the clamp and its assembly became "unstuck" and fell. Plaintiff's hand was crushed between the moving part (the clamp assembly) and the stationary part (the crossbar). At all times plaintiff was never located beneath the clamp, and was always behind it.

Plaintiff admitted that whenever you are working underneath the forks, from in *front* of the forklift, it is necessary to prop or chain moving parts for safety. Plaintiff therefore knew that there was a danger that stuck parts could move, and become unstuck. Plaintiff stated that for safety's sake it was never permissible to work underneath the raised parts of a forklift without chaining or propping them. Plaintiff further deposed that when he placed his hand on the crossbar, he understood that if the mechanism moved he could be hurt. Plaintiff admitted that, whether he was in front underneath the forks or behind the forks (as in the present situation), the danger was the same for his hand where he had placed it. In fact, plain-

tiff specifically admitted that if he had chained up or propped up the clamp while he was working, he would never have been injured.

> Q Okay. If you had chained up or propped up the clamp while you were there that day working on it, you could have gotten down safely without your hand getting caught, couldn't you?
>
> A Yes, sir.
>
> Q Okay. And we can talk later about whether the cylinder would have caused some other problem. But, anyway, you could have gotten up and down okay?
>
> A Yes, sir.

Morris Depo., at 115.

## II. DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure ("FED.R.CIV.P.") 56(c) provides that summary judgment may be entered in favor of the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is [1] no genuine issue as to any material fact and that [2] the moving party is entitled to judgment as a matter of law." See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Irby v. Bittick, 44 F.3d 949, 953 (11th Cir.1995).

■ Under the first element, the issue must be genuine, and the factual dispute must be material to the outcome of the litigation. Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. "Materiality" is determined by reference to the substantive law that controls the case. Id.; Mulhall v. Advance Sec., Inc., 19 F.3d 586, 590 (11th Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994). For a question of fact to be "genuine," the party opposing summary judgment " 'must do more than simply show that there is some metaphysical doubt as to the material facts,' " Irby, 44 F.3d at 953 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106

S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986))—the evidence must be of such a quality that "a reasonable jury could return a verdict for the nonmoving party. * * * If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 248, 249–50, 106 S.Ct. at 2510, 2511. Only those doubts about facts that are reasonable must be resolved in favor of the nonmovant. Irby, 44 F.3d at 953 (citing Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir.1990)).

■ The second element—that the movant be entitled to judgment as a matter of law—is satisfied where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once a party has moved for summary judgment and properly supported its motion, the burden shifts to the nonmovant to create, through the evidentiary forms listed in FED.R.CIV.P. 56(c), genuine issues of material fact necessitating a trial. Celotex Corp., 477 U.S. at 324, 106 S.Ct. at 2553.

### B. Substantive Law

Plaintiff asserts three negligence-type claims, and one for breach of implied warranties. Defendant's motion for summary judgment on all three negligence-type claims is based upon the "open and obvious danger" rule; as to the warranty claim, defendant asserts lack of privity.[1]

■ The open and obvious danger rule is a complete defense to claims based upon negligence, strict liability, and failure to warn. Weatherby v. Honda Motor Co., Ltd., 195 Ga.App. 169, 393 S.E.2d 64, 68 (1990). Plaintiff, not defendant, bears the burden of demonstrating that "the peril-causing injury is latent, or not patent." Id. 393 S.E.2d at 66. A product is not defective as a matter of law where the injury caused by that product resulted from "an obvious or patent peril." Ream Tool Co. v. Newton, 209 Ga.App. 226,

---

1. The court need not analyze the privity rules as they exist in warranty actions. Plaintiff concedes in his brief that "[defendant] is entitled to a dismissal of the breach of warranty claims." Plaintiff's Brief, at 12.

433 S.E.2d 67, 71 (1993) (citing *Weatherby* ). Neither does the absence of a safety device render a product defective, so long as the absence is open and obvious. *Id.* Finally, there is no duty to warn of "obvious dangers," or those that are "generally known." *Id.* In determining whether a danger was open and obvious to the injured party, the court should use an objective point of view, as opposed to subjective, since the user's perceptions are irrelevant. *Id.; Weatherby,* 393 S.E.2d at 66–67 (user need not possess actual knowledge to invoke the "open and obvious rule"). *See also Stodghill v. Fiat– Allis Constr. Machinery, Inc.,* 163 Ga.App. 811, 295 S.E.2d 183, 185 (1982) (plaintiff precluded from recovery where injury was caused by danger that was open and obvious).

### C. Application

▪ The peril here was that there was a possibility that moving parts that had become stuck might become unstuck, and in so doing cause some harm. Plaintiff admitted that he appreciated the possibility that these parts might become unstuck by themselves, since had he been working underneath the forks he would have chained or propped them up. The essence of plaintiff's complaint would thus seem to be that, although he appreciated the danger presented by moving parts from one angle, he did not see them as posing a danger from another. Yet this characterization does not fit either, since plaintiff deposed that he knew (when resting his hand on the crossbar from behind the forklift) that if parts began to move he could be hurt. Objectively speaking, the danger presented by having one's hand located underneath moving parts of this nature is patently obvious.

▪ Even if the court adopts plaintiff's statement of the law, *see Banks v. ICI Americas, Inc.,* 264 Ga. 732, 450 S.E.2d 671 (1994), that a risk-utility assessment is to be conducted, the court would reach the same conclusion. The risk-utility test is to be applied with reference to such factors as "the avoidability of the danger, i.e., the user's knowledge of the product, . . . the expectation of danger, [and] user's ability to avoid danger. . . ."

Plaintiff here plainly admitted that had he chained or propped up the mechanism he would have gotten down safely on November 7, 1993, and this case would have never had a factual basis. Plaintiff admitted that he could have totally avoided the danger. Plaintiff stated that had he been under the front of the forklift, he would have chained it; he therefore knew that there was a possibility that these stuck parts could become "unstuck" and cause harm; nevertheless, he did not chain or prop up the mechanism.

And further assuming that the court accepts plaintiff's characterization of the design defect at issue—that the design unnecessarily created a potential for situations in which parts became stuck, thereby unreasonably exposing a mechanic to a risk of serious injury—application of the risk-utility analysis produces the same result. Plaintiff could in any event have avoided all danger posed by the stuck mechanism simply by chaining or propping them. The danger, as he admitted, was avoidable by him.

This court has reached conclusions similar to this in analogous cases. *See Foskey v. Clark Equipment Co.,* 715 F.Supp. 1088 (M.D.Ga.1989) (Owens, J.), *aff'd,* 914 F.2d 269 (11th Cir.1990). Plaintiff bears the burden of demonstrating that the danger was latent, not patent. *See Weatherby, supra.* Plaintiff has not adduced significantly probative evidence that the danger was hidden. Indeed, plaintiff has all but admitted the contrary. As an essential element of plaintiff's case, failure to carry this burden mandates entry of summary judgment. *Celotex.* For the reasons stated above, as well as those not mentioned by the court but raised in defendant's brief, the court finds that **SUMMARY JUDGMENT SHOULD BE GRANTED TO DEFENDANT.**

### III. CONCLUSION

Defendant's motion for summary judgment on counts one, two, and three is **GRANTED** on the basis of the "open and obvious danger" rule. Count four is, by consent of the parties, **DISMISSED** from this action. **LET**

JUDGMENT BE ENTERED FOR DEFENDANT.

SO ORDERED.