BIRCH, Circuit Judge:
This case focuses upon whether an employer adequately demonstrated that disparity in pay between two male employees and a female employee doing the same work was justified under the Equal Pay Act of 1963, 29 U.S.C. § 206 (“EPA”). On cross motions for summary judgment, the district court found that the employers proved that there were no genuine issues of material fact and that the employers were entitled to judgment as a matter of law. We AFFIRM.
I. FACTUAL AND PROCEDURAL BACKGROUND
In 1987, plaintiff-appellant Barbara R. Irby was hired by defendants-appellees, Sheriff John Cary Bittick and Monroe County, Georgia, to work for the Monroe County Sheriffs Department. She initially was assigned to undercover duty in the criminal investigations division, one of three divisions within the Sheriffs Department.[1] After serving several months as an undercover agent, she was transferred to jail and radio room operations. Irby spent approximately eighteen months in this division before transferring to criminal investigations in November, 1989. The Sheriffs Department employs six investigators in the criminal investigations division; Irby is the only female investigator.[2]
In 1983, Sheriff Bittick, Monroe County and the City of Forsyth entered into a contract which stipulated that in exchange for *953 criminal investigation services from the Sheriffs Department, the city would provide two investigators to work in the Department’s investigations division. The city appointed Robert Jones and Ronald Evans. Jones and Evans’s salaries were set and paid by the city. When the city terminated the contract in 1989, Jones and Evans were given the opportunity to continue as employees of the city; however, they instead elected to join the Sheriffs Department as county criminal investigators. Despite the change in employers, their job descriptions remained the same. Nevertheless, Jones and Evans were actually paid more by the county initially than they had been by the city, although the exact amount of the increase is unclear. In his deposition, Sheriff Bittick testified that overtime accrued by Evans and Jones in the previous year was inadvertently included in the base salary offered by the county. Therefore, their initial base salary with' the county was the sum of their city base salary plus overtime. Consequently, investigators Jones and Evans are paid substantially more than investigator Irby.[3] It is this pay disparity that Irby challenges as a violation of the Equal Pay Act.[4]
Irby filed suit seeking injunctive relief, damages and a declaratory judgment under 29 U.S.C. § 206(d), 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution. After discovery, Irby moved for summary judgment on her claim for declaratory judgment under the EPA. Sheriff Bittick and Monroe County filed a cross motion for summary judgment. The district court denied Irby’s summary judgment motion and granted that of Sheriff Bittick and Monroe County. Irby appeals.
II. DISCUSSION
A. Summary Judgment
We review the district court’s grant of summary judgment in EPA eases de novo. Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589-90 (11th Cir.), cert. denied, — U.S. -, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994). Summary judgment is properly granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court examines the substantive law involved to determine which facts are material. Mulhall, 19 F.3d at 590 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 254, 106 S.Ct. 2505, 2510, 2513, 91 L.Ed.2d 202 (1986)). All reasonable doubts about facts are resolved in favor of the non-moving party. Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir.1990).
If the moving party bears the burden of proof at trial, it must demonstrate that “on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable juiy could find for the non-moving party.” United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc). “Once a moving party has sufficiently supported its motion for summary judgment, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.” Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir.1991); see Fed.R.Civ.P. 56(e). The non-moving party cannot rely solely on its pleadings, Fed.R.Civ.P. 56(e); it “must do more than simply show that there is some metaphysical doubt as to the material facts,” Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis added). Under this rubric, we first review the burdens of proof in EPA cases and then examine whether summary judgment was properly granted.
*954 B. Burdens of Proof in EPA Cases
A prima facie case of an EPA violation is shown if an employer “pays different wages to employees of opposite sexes ‘for equal work on jobs ... [requiring] equal skill, effort, and responsibility, and which are performed under similar working conditions.’ ” Corning Glass Works v. Brennan, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974) (quoting 29 U.S.C. § 206(d)(1)); Mitchell v. Jefferson County Bd. of Educ., 936 F.2d 539, 547 (11th Cir.1991). Once a prima facie case is demonstrated, to avoid liability the employer must prove by a preponderance of the evidence, Mulhall, 19 F.3d at 590, that the differential is justified by one of four exceptions set forth in the EPA, Coming Glass Works, 417 U.S. at 196-97, 94 S.Ct. at 2229. Those exceptions are: “(i) a seniority system; (ii) a merit system; (ni) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.” 29 U.S.C. § 206(d)(1). The employer bears the burden of proof for these affirmative defenses, Corning Glass Works, 417 U.S. at 196-97, 94 S.Ct. at 2229; Price v. Lockheed Space Operations Co., 856 F.2d 1503, 1505 (11th Cir.1988); Meeks v. Computer Assocs. Int’l, 15 F.3d 1013, 1018 (11th Cir.1994). The burden is a “heavy one,” Mulhall, 19 F.3d at 590, because the “defendants must show that the factor of sex provided no basis for the wage differential,” id. If the defendant fails to meet this burden, the court must enter judgment for the plaintiff. Miranda v. B & B Cash Grocery Store, 975 F.2d 1518, 1533 (11th Cir.1992). When the defendant overcomes the burden, the plaintiff must rebut the explanation by showing with affirmative evidence that it is pre-textual or offered as a post-event justification for a gender-based differential. Schwartz v. Florida Bd. of Regents, 954 F.2d 620, 623 (11th Cir.1991) (per curiam); see Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1045 (5th Cir.1973) (quoting Shultz v. First Victoria Nat'l Bank, 420 F.2d 648, 655 (5th Cir.1969)). If plaintiff is able to create the inference of pretext, there is an issue which should be reserved for trial.
C. Analysis
Appellees do not dispute that Irby performs the same work involving identical skill, effort, responsibility, and working conditions, as Evans and Jones. Therefore, Irby has set forth a prima facie case of an EPA violation. We now consider whether appellees have carried their burden of proof on any of the affirmative defenses. Appellees assert two justifications for the pay disparity at issue: “a seniority system” and “factors other than sex.” They do not contend that the differential was justified by a merit system or by a production measurement system.
1. Seniority System
Whether a seniority system exists is a matter of law. Mitchell, 936 F.2d at 544 (examining a seniority system under § 703(h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(h)). The district court found that the Sheriffs Department did not maintain a seniority system justifying the salary difference between investigator Irby and investigators Evans and Jones. Irby v. Bittick, 830 F.Supp. 632, 636 (M.D.Ga.1993). The court stated that “a seniority system, like a merit system, should be uniformly enforced and written.” Id. (citing Brock v. Georgia Southwestern College, 765 F.2d 1026, 1036 (11th Cir.1985) (merit system)). We agree. If a seniority “system” based on longevity with the Sheriffs Department is to be relied upon as an affirmative defense, appellees must be able to identify standards for measuring seniority which are systematically applied and observed. Cf. California Brewers Ass’n v. Bryant, 444 U.S. 598, 606-09, 100 S.Ct. 814, 820-21, 63 L.Ed.2d 55 (1980) (requiring ancillary rules in order to constitute a valid seniority system under § 703(h) of Title VII); Mitchell, 936 F.2d at 544-45, 547 (rejecting a “seniority system” defense to both Title VII and EPA claims for failure to relate benefits to length of employment).
Appellees argue that transfers between divisions do not constitute promotions or demotions and that generally, pay is based solely upon year of hire by the Sheriffs Department. Under this “system,” all investigators, patrol officers and support services *955 officers are deputies, and the only way to be promoted is through elevation in rank, such as, to sergeant, lieutenant or captain. Deputies who have worked with the Department longer are supposed to earn more than those hired later.
Jones and Evans’s compensation, however, disproves the existence of such a seniority system. Jones and Evans are paid more than deputies who were hired in 1979 and 1981, even though neither Jones nor Evans has been promoted, thus defeating the affirmative defense.[5] A seniority system should be applied fairly among all the members of the department unless there are defined exceptions which are known and understood by the employees. We thus conclude as a matter of law that the Monroe County Sheriffs Department does not have in place “a seniority system” under the EPA justifying a variance in salary between employees of the opposite sex performing the same work.
2. Factors Other Than Sex
“Any other factor other than sex” is a general exception to application of the EPA. See Glenn v. General Motors Corp., 841 F.2d 1567, 1571 (11th Cir.), cert. denied, 488 U.S. 948, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988) (interpreting legislative history). In the past, we have found that such factors include “unique characteristics of the same job; ... an individual’s experience, training or ability; or ... special exigent circumstances connected with the business.” Id. (emphasis added).
Appellees argue that reference to Jones and Evans’s prior salaries in setting the current salary is a legitimate factor other than sex.[6] The district court rejected this argument, explaining that “[i]f prior salary alone were a justification, the exception would swallow up the rule and inequality in pay among genders would be perpetuated.” Irby, 830 F.Supp. at 636. We have consistently held that “prior salary alone cannot justify pay disparity” under the EPA. Glenn, 841 F.2d at 1571 & n. 9; accord Price, 856 F.2d at 1506. Appellees cannot defend paying Jones and Evans more than Irby simply because of the pay schedule of Jones and Evans’s previous employer.[7] Therefore, we reject appellees’ reliance on prior salary as a separate justification for the pay differential.
However, an Equal Pay Act defendant may successfully raise the affirmative defense of “any other factor other than sex” if he proves that he relied on prior salary and experience in setting a “new” employee’s salary. While an employer may not overcome the burden of proof on the affirmative defense of relying on “any other factor other than sex” by resting on prior pay alone, as the district court correctly found, there is no prohibition on utilizing prior pay as part of a mixed-motive, such as prior pay and more experience. This court has not held that prior salary can never be used by an employer to establish pay, just that such a justification cannot solely carry the affirmative defense. See Glenn, 841 F.2d at 1571 n. 9 (“Kouba [v. Allstate Ins. Co., 691 F.2d 873 (9th Cir.1982) ] is consistent with the present case because the Ninth Circuit would permit use of prior salary where the prior job resembled the sales agent position and where Allstate relied on other available predictors.”). The question is whether “other business reasons ... reasonably explain the utilization of prior salary.” Price, 856 F.2d at 1506. As demonstrated below, this case clearly presents other business reasons *956 that justify use of prior salary, principally, experience with the division.[8]
Appellees also support the pay disparity on the basis that Jones and Evans had greater experience than Irby, given that they have worked in the investigations division of the Monroe County Sheriffs Department since 1983.[9] Experience is an acceptable factor other than sex if not used as a pretext for differentiation because of gender.[10] See Glenn, 841 F.2d at 1571. Irby first attempts to refute appellees’ claim as pretextual by arguing that their reasoning is too subjective to be rebutted. Business reasons, such as experience, are legitimate “factors other than sex” so long as they can be rebutted. Schwartz, 954 F.2d at 623-24. The defense of experience, however, is capable of being rebutted; for example, the plaintiff could show that he or she had equal or more experience of the same type. Time spent in a position equates with experience in the division; to gain experience one must necessarily spend time in an activity. Time is a measurable quantity one can sufficiently rebut. In this case, Evans and Jones have spent approximately five more years in the investigations division and four more years in the Sheriffs Department than has Irby. Irby does not present any other facts which indicate that she has equal or more experience in the division or Sheriffs Department than Evans or Jones have.
Irby also contends that appellees’ proffer of experience is pretextual because the value placed on experience is inconsistent. She observes that investigator Bush, who was also first assigned to the investigations division in 1983, earned approximately the same salary as Jones and Evans in 1989 and the same salary in 1993, even though Bush started with the Sheriffs Department in 1981, two years earlier.[11] She also notes that the other two investigators in the division, Speir and Corley, were hired by the Sheriffs Department in 1979 and 1981, respectively; however, both earn less than Evans and Jones. Thus, Irby argues that appellees do not really value experience with the Department but are offering a post-event justification for their actions.
Despite Corley and Speir’s longevity with the Sheriffs Department, however, neither was assigned to the investigations division until 1989, the same year Irby was transferred to that division.[12] Evans and Jones have greater experience in the Monroe County Sheriffs Department investigation division, working with Sheriff Bittick and Captain John Wilkes, head of that division, than do Speir, Corley or Irby. With respect to the hiring of Evans and Jones, the sole comparators in this case, Irby was treated similarly to other deputies with less investigation experience than Evans and Jones. Accordingly, any claim that appellees’ decision to pay Evans and Jones their previous salary was gender-based is refuted.[13]
*957 Unique, long-term experience as an investigator in a single division constitutes a justification for pay difference under the EPA as part of the broad exception “any other factor other than sex.” See Glenn, 841 F.2d at 1571. Appellees, as the moving parties, have shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.[14] Irby failed to rebut adequately appellees’ justification and thus, failed to raise a disputed material issue of fact.
III. CONCLUSION
Irby challenges the district court’s conclusion that Sheriff Bittick and Monroe County proved by a preponderance of the evidence that the pay disparity between investigator Irby and investigators Evans and Jones was justified as arising from a “factor other than sex” under the Equal Pay Act. We conclude that appellees proved that they weighed the experience of Evans and Jones in the investigations division of the Sheriffs Department in setting their incoming salary at a higher level than investigator Irby’s salary and that particular experience is a legitimate “factor other than sex” under the EPA. Accordingly, the district court’s grant of summary judgment to appellees is AFFIRMED.

. The other two divisions are jail and radio room operations (or support services) and patrol.

. There is a seventh investigator, who is male and is on assignment from the City of Forsyth by agreement between the city and the county. He is paid by the city; consequently, he is not considered in our analysis.

. Irby earned $15,757.00 in 1989. R1-22B-3. Jones and Evans were hired in 1989 at $23,-987.50. R1-22B-2, 4. Irby earned $18,519.80 in 1993; Jones and Evans each earned $27,-868.10. R1-22B-2-4. In 1993, Irby was paid the same as all other employees hired in 1987 who have not been promoted in rank. R1-22A-1. We do not, however, address whether the 1987 male hires are appropriate comparators under the EPA.

. Irby failed to raise the issue of the disparity in pay of her compared with other investigators in the division before the district court; accordingly, we do not address those differences here. As Irby conceded at oral argument, the only comparators for the purposes of this appeal are investigators Evans and Jones.

. Investigators Speir and Corley are paid less than Jones and Evans even though Speir was hired in 1979, and Corley was hired in 1981.

. Appellees have suggested a number of factors other than gender, several of which were rejected implicitly by the district court, and we do not address them here.

.In fact, one of the investigators indicated that he “believe[d he] would have” accepted a reduction in pay if necessary to secure his position with the Monroe County Sheriff's Department. Rl-21-6-7. Because Sheriff Bittick and Monroe County never discussed salary with Evans and Jones before putting them on the county payroll, appellees cannot rely upon prior salary alone to justify the pay variance.

. This is not to suggest that the employer may rest his pay decisions on illegitimate grounds and then merely mask them by raising other, valid reasons. However, as noted infra, that burden of proof is on the plaintiff, and in this case, Irby failed to refute Sheriff Bittick's arguments that he relied on prior pay and experience in setting Evans and Jones’s pay.

. Appellees are not relying on experience outside of the Sheriffs Department as a defense.

. For experience to be a legitimate "any other factor other than sex” affirmative defense it need not rise to the level of an established seniority system. See Glenn, 841 F.2d at 1571. The "factor other than sex” affirmative defense is a broad, catch-all exception to the Equal Pay Act, and should not be overly limited. Id. ("As it is impossible to list each and every exception, the broad general exclusion has also been included ... differences based on experience, training, or ability would also be excluded.” (quoting H.R.Rep. No. 309, 88th Cong., 1st sess. 3, reprinted in 1963 U.S.C.C.A.N. 687, 689)).

. Bush earned approximately $23,989.00 in 1989 and $27,868.10 in 1993. R1-22B-1.

. Speir was transferred into the investigations division in January, 1989; Corley was transferred in August, 1989. The earnings of Speir and Corley were not presented to the district court as comparators and argument relative to their salaries was inappropriately raised on appeal.

. The dissent believes that Sheriff Bittick conceded that Jones and Evans were not worth more pay than Irby, creating a genuine issue of material fact. The "concession” by Sheriff Bittick to which the dissent refers does not remark on Irby's or Evans and Jones’s relative worth to Sheriff Bittick because of experience, but worth of male officers vis-a-vis female officers. Sheriff *957 Bittick's statement is not an admission regarding experience, rather it indicates that he does not believe that male officers are inherently better officers than female officers. To interpret the statement as being an admission disregards Sheriff Bittick and Monroe County’s defense and removes their argument from the context in which it was made. Sheriff Bittick and Monroe County were specifically countering the contention made by Irby that "Sheriff Bittick values male officers with whom he has worked with in the past” and that Sheriff Bittick “believes that Evans and Jones are ‘worth it’ and [thus], conversely, that Irby is not.” Appellant’s Brief at 39. Irby's arguments were made solely with the implication that Sheriff Bittick believes that Irby is not “worth it” because she is a female, not because she has less experience than the other two officers. This is the crux of her Equal Pay Act case.

. Contrary to the dissent’s position, there is not a genuine issue of material fact which must be tried by a jury. Sheriff Bittick stated unequivocally in his deposition that “Barbara [Irby's] sal-aiy should not be as high as Pete [Jones] and Jocko [Evans's] because Pete [Jones] and Jocko [Evans] worked there from ’83 until '87." Rl-17-82. It is a fact that Evans and Jones have been in the department and in the division longer than Irby. It is a fact that the investigations division is considered separately from other divisions, see Rl-17-52-54, and employment in the division requires additional training and experience over and above the other divisions, Rl-14-24, even though there was no formal pay raise system in place upon transfer to that division when Irby transferred in and despite the fact that Irby had some of the training required prior to entering the division, see Rl-14-23-24. It is a fact that Sheriff Bittick relied on Evans and Jones's prior experience "working with him” in the investigations division. Rl-17-80, 81, 82. And it is a fact that as well as experience, Sheriff Bittick relied on Evans and Jones’s prior salary as a guideline in setting their new salary. Rl-17-16-17, 81. These unrebutted facts, as a matter of law, require this court to find that there is no violation of the Equal Pay Act. Irby simply failed to rebut these critical facts; thus, she loses.