Natalie J. **POWELL**, Plaintiff,

v.

**HAVERTY FURNITURE COMPANIES, INC.**, Defendant.

No. 5:95–cv–165–2 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 22, 1996.

---

534

John Edward Allen, Jr., Roy Edward Ma-noll, III, Athens, GA, for plaintiff.

David M. Brown, Edward Kendrick Smith, Lisa L. Ballentine, Atlanta, GA, for defendant.

### ORDER [1]

OWENS, District Judge.

Before the court is defendant's motion for summary judgment. After careful consideration of the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

### I. FACTS

Plaintiff, a thirty-six year old female with an interior design degree from the University of Georgia, was hired by defendant on May 26, 1993, to work as a sales associate in its Warner Robins, Georgia store, where Paul Sims served as manager. Plaintiff claims that Ron Riley, the senior sales associate at the store, was to oversee her training. Plaintiff said that by June 1993, Riley began harassing her by persistently asking her for a date. Plaintiff further alleges that Riley's advances were at times made in a sexually graphic manner; Riley denies this.

Because plaintiff constantly rejected Riley's affections, plaintiff claims Riley created a sexually hostile work environment.

Plaintiff then complained to Paul Sims, the store manager. His alleged response was that Riley had done this before. Nevertheless, Sims did nothing. Plaintiff says that she again complained in September 1993. This time, Sims responded by telling plaintiff that she was partly to blame for the situation, since she had gone to lunch with Riley. Nevertheless, Sims told plaintiff he'd fire Riley if it continued.

The final straw, it seems, occurred on November 29, 1993, when Riley and plaintiff got into an argument over a customer. The end result was that Riley (five feet, eleven inches, just under 200 pounds) pushed plaintiff (five feet, three inches, 105 pounds) onto a sofa, which she fell over. Plaintiff claims the fall necessitated medical attention. Sims' response to the altercation, according to plaintiff, was that he'd fire both plaintiff and Riley if it didn't stop.

Plaintiff resigned from work on January 6, 1994, stating to Sims that Riley's persistent and unabated sexual harassment was forcing her to do so. A charge of employment discrimination was filed by plaintiff with the EEOC on May 23, 1994. Plaintiff then filed the instant action within ninety days of having received her "right to sue" letter from the EEOC.

### II. CONTENTIONS

Defendant raises four arguments. First, defendant claims that many of the incidents about which plaintiff complains may not form the basis for a Title VII claim based on sexual harassment. Specifically, defendant says that all conduct predating November 24, 1993, cannot serve as the basis for proof of harassment because it falls outside of the scope of the one-hundred and eighty day charge period. Defendant's second challenge is made under the evidentiary evaluation scheme of *McDonnell–Douglas*. In its third and fourth arguments, defendant challenges

---

1. Defendant has filed a motion in opposition to an affidavit filed by plaintiff, which contains transcripts of telephone conversations. The court did not consider those conversations as evidence in deciding the motion for summary judgment. The court would expect, however, for defendant to renew its objection to the admissibility of those conversations prior to trial.

plaintiff's ability to prove constructive discharge and to prove her state-based negligence claims.

Plaintiff's response is essentially that there is a question of fact sufficient to proceed to a jury on the question of whether Riley's conduct constituted sexual harassment. In response to defendant's limitations-type argument, plaintiff asserts a "continuing violation" theory.

### III. DISCUSSION

#### A. Summary Judgment

Federal Rule of Civil Procedure ("FED.R.CIV.P.") 56(c) provides that summary judgment may be entered in favor of the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is [1] no genuine issue as to any material fact and that [2] the moving party is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir.1995).

Under the first element, the issue must be *genuine*, and the factual dispute must be *material* to the outcome of the litigation. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. "Materiality" is determined by reference to the substantive law that controls, which is Title VII in this case. *Id.; Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590 (11th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994). For a question of fact to be "genuine," the party opposing summary judgment " 'must do more than simply show that there is some *metaphysical doubt* as to the material facts,' " *Irby*, 44 F.3d at 953 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986))—the evidence must be of such a quality that "a reasonable jury could return a verdict for the nonmoving party. * * * If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 248, 249–50, 106 S.Ct. at 2510, 2510–11. Only those doubts about facts that are *reasonable* must be resolved in favor of the nonmovant. *Irby*, 44 F.3d at 953 (citing *Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir.1990)).

The second element—that the movant be entitled to judgment as a matter of law—is satisfied where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once a party has moved for summary judgment and properly supported its motion, the burden shifts to the nonmovant to create, through the evidentiary forms listed in FED.R.CIV.P. 56(c), genuine issues of material fact necessitating a trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553.

#### B. Plaintiff's Prima Facie Case

Defendant's first argument is that plaintiff has failed to adduce significantly probative evidence in support of one or more of the elements of her prima facie case. To establish a prima facie case of hostile work environment, plaintiff must show (1) she belonged to a protected class, (2) she was subjected to unwelcome sexual harassment, (3) the harassment was on account of her sex, (4) the harassment affected a term, condition, or privilege of employment, and (5) respondeat superior. *Huddleston v. Roger Dean Chevrolet, Inc.*, 845 F.2d 900, 904 (11th Cir.1988). Defendant challenges all but the first element.

The Supreme Court recently elaborated on the degree of conduct of a sexual nature that will affect a "term or condition" of employment:

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

*Harris v. Forklift Sys., Inc.,* —— U.S. ——, ——, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). In the court's considered judgment, the depositions in this case indicate that a question of material fact exists on the question of whether Riley's conduct met this standard. Certain statements attributed to Riley by plaintiff (which do not appear to be the type of statements one might fancifully contrive), might well be viewed by a reasonable person as abusive. And plaintiff has stated that she subjectively perceived Riley's treatment of her to have been abusive.

■ As to the respondeat superior element, "the plaintiff must demonstrate that the employer knew or should have known of the harassment and failed to take prompt action to remedy the situation." *Huddleston,* 845 F.2d at 904 (citing *Henson v. Dundee,* 682 F.2d 897 (11th Cir.1982)). Here, plaintiff deposed that she told Sims of the problems she experienced with Riley. Sims was in charge of the Warner Robins store; there was no one higher in that store to whom plaintiff might have complained. Sims denies that plaintiff confronted him concerning sexual advances, although he does admit plaintiff came to him concerning Riley's persistent entreaties that she accompany him to lunch. Sims also admitted another female employee had complained about Riley's lunch requests, and that her problems with Riley stopped after he spoke to Riley. In the court's best judgment, plaintiff has created a question of material fact in this regard, so summary judgment must again be denied.

■ Similarly, as to the questions of whether plaintiff was treated as she was "on account of sex" and whether the harassment was truly "unwelcome" by plaintiff, the court finds that questions of fact foreclose the possibility that defendant will prevail on either of these elements. Plaintiff deposed that the reason for the change in Riley's attitude towards her was because she rejected his affections; Riley denied this. Plaintiff has described the nature of Riley's advances. It is for a jury to decide whether Riley's actions were "because of" plaintiff's sex. Viewing the evidence in a light most favorable to plaintiff, Riley's conduct would have certainly been unwelcome. In the court's best judg-

ment, a question of fact exists, and summary judgment must again be denied.

### C. Whether Plaintiff's Claims are Time Barred

Defendant contends that incidents predating November 24, 1993, are barred by the Title VII requirement that a charge be filed within 180 days of any violation.

■ To decide whether a challenged employment practice constitutes a continuing violation, a court should distinguish between " 'the present consequences of a one time violation, which does not extend the [180 day] limitations period, and the continuation of a violation into the present, which does.' " *Calloway v. Partners Nat'l. Health Plans,* 986 F.2d 446, 448 (11th Cir.1993) (quoting *Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792, 796 (11th Cir.1992)). The critical question is whether any present violation existed within 180 days of the plaintiff's charge to the EEOC. *Id.* at 448–49 (citing *Evans* ). This determination is a finding of fact, that will not be disturbed unless clearly erroneous. *Id.* at 448.

■ Defendant cites to several instances in plaintiff's deposition where, taken out of context, one might believe that all sexual harassment of which plaintiff complains was ended in July or August of 1993. *See* Defendant's Material Fact Statement, at ¶¶ 19, 20, 27, 36. Plaintiff's response is that although the lion's share of harassment was prior to August 1993, at least two incidents after that constituted the straw that broke the camel's back—when defendant pushed plaintiff, and when defendant made a comment the day before plaintiff resigned. Plaintiff's deposition indicates that Riley continued to make snide sexual remarks to her after August 1993. Plaintiff's deposition, at 123–25. In the court's considered judgment, plaintiff has stated a continuing violation.

To the extent defendant's summary judgment motion is predicated on the timeliness argument, it is denied.

### D. Constructive Discharge

■ Defendant argues that a reasonable jury could not conclude from the evidence

that plaintiff was constructively discharged. A constructive discharge occurs where an employee "involuntarily resigns in order to escape intolerable and illegal employment requirements to which he or she is subjected because of ... sex...." *Morgan v. Ford,* 6 F.3d 750, 755 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2708, 129 L.Ed.2d 836 (1994). The plaintiff must show that the working conditions were such that "a reasonable person in [her] position would be compelled to resign." *Id.*

Viewing the evidence in the light most favorable to plaintiff, Riley made unwanted sexual remarks to her. Plaintiff rejected his affections. Riley then turned mean and aggressive, pushing plaintiff onto a sofa. In the court's best judgment, plaintiff has created a material question of fact that a jury must decide. *See Morgan,* 6 F.3d at 756 (question of material fact presented on similar allegations). Defendant's motion is denied on this basis as well.

### E. *Plaintiff's State Law Claims*

Defendant seeks summary judgment on plaintiff's pendent state law claims. In the court's best judgment, it declines to continue the exercise of supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(2). Plaintiff's pendent state claims are dismissed without prejudice.

### IV. CONCLUSION

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [25–1] IS DENIED,** as plaintiff has presented evidence sufficient to create material questions of fact on her Title VII claims. And although defendant's motion for summary judgment on plaintiff's pendent state claims is similarly denied, the **PENDENT STATE CLAIMS ARE DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**