## RELIANCE INS. CO., Plaintiff,

v.

## FIRST LIBERTY BANK, f/k/a Tifton Bank & Trust Co., Defendant.

### No. 7:95–cv–83(WDO).

United States District Court,
M.D. Georgia,
Valdosta Division.

June 5, 1996.

---

449

John V. Burch, Atlanta, GA, for plaintiff.

Gregory C. Sowell, Tifton, GA, and Joseph B. Gray, Jr., Tifton, GA, for defendant.

### ORDER

OWENS, District Judge.

Plaintiff filed this action seeking a declaratory judgment that it was not liable under a financial institution fidelity bond issued to defendant-bank after it had denied coverage under the bond for a proof of loss filed by the bank. Before the court now is plaintiff's summary judgment motion. After carefully considering the arguments of counsel, the relevant caselaw, and the record as a whole, the court issues the following order.

### UNDISPUTED MATERIAL FACTS

As noted, plaintiff filed this declaratory judgment action after it denied coverage to defendant-bank under the terms of a financial institution fidelity bond. The loss for which coverage was sought stemmed from a state court action brought against the bank by one of its customers for conversion of a draft. The facts of that case are summarized as follows:

> Shirley Knight, president of Knight's Furniture Company, Inc., retained attorney Ernest Yates to represent the company in negotiations with her insurance carrier in connection with a fire loss suffered at the company store in Tifton, Georgia. Knight authorized Yates to settle the company's claim under the policy for $320,000. The insurance company sent Yates an acceptance draft in that amount payable through First National Bank of Atlanta. The draft was made payable to "Knight's Furniture Company Inc. & Ernest J. Yates, Its Attorney." Yates presented the draft to Tifton Bank & Trust Company for deposit into his firm's trust account. When presented, the draft was endorsed on the back: "Knight's Furniture Company, Inc. By Ernest J. Yates, its attorney And Ernest J. Yates." After Knight made repeated inquiries about the insurance proceeds and informed Yates of her pressing financial needs, Yates advanced her $16,863 from the trust account, never disclosing to Knight that he had already received, endorsed, and deposited the draft. Two weeks later Yates committed suicide. At the time of his death, only $55,717 remained in Yates' trust account. Knight's filed [a] conversion action against the Bank, alleging the Bank had wrongfully accepted the draft for deposit. The case was tried before a jury, which returned a verdict in favor of Knight's for $320,000, together with $25,000 in punitive damages and $80,000 in attorney fees and expenses of litigation.

*Tifton Bank v. Knight's Furniture Co., Inc.,* 215 Ga.App. 471, 452 S.E.2d 219, 220 (1994). The Georgia Court of Appeals reduced the damages amount to $303,137 to reflect monies received by Knight's, and reversed the punitive damages award as well as the award of attorney fees. *Id.* 452 S.E.2d at 222–23.

Thereafter, Tifton Bank filed a proof of loss with plaintiff, Reliance Insurance Company, under the terms of a fidelity bond issued by Reliance to the Bank. The proof of loss form completed by the Bank showed

that it had suffered a loss due to a "forged endorsement." The Bank's description of events was as follows: "Ernest J. Yates forged the endorsement of Knight's Furniture Company, Inc. Upon the trial of the matter, the jury of the Superior Court of Tift County, Georgia found that the corporation's endorsement was forged by someone who was not its agent as Mr. Yates did not have the authority to endorse the draft on behalf of the corporation." *See* Plaintiff's Brief, exh. D.

Pursuant to the fidelity bond, plaintiff agreed to indemnify defendant for:

(D) Loss resulting directly from

(1) Forgery or alteration of, on or in any Negotiable Instrument (except an Evidence of Debt), Acceptance, Withdrawal Order, receipt for the withdrawal of Property, Certificate of Deposit or Letter of Credit. . . .

*See* Plaintiff's Brief, exh. C. The bond then proceeds to define "Forgery" as follows:

the signing of the name of another person or organization with intent to deceive; **it does not mean a signature which consists in whole or in part of one's own name signed with or without authority, in any capacity, for any purpose.**

*Id.* (emphasis supplied).

### DISCUSSION

Federal Rule of Civil Procedure ("FED.R.CIV.P.") 56(c) provides that summary judgment may be entered in favor of the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is [1] no genuine issue as to any material fact and that [2] the moving party is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Irby v. Bittick,* 44 F.3d 949, 953 (11th Cir.1995).

As an initial matter, the court notes that there are no genuine issues of material fact, and that the undisputed facts present a pure question of law for the court's decision. "This case essentially involves the construction of an insurance policy or bond. * * * In

such a situation, '[t]he construction of an insurance policy, or the interpretation of a bankers blanket bond, is a question of law to be determined by a court.'" *Alpine State Bank v. Ohio Cas. Ins. Co.,* 941 F.2d 554, 559 (7th Cir.1991). For "where the facts upon which liability is claimed or denied under an insurance policy are undisputed and the existence or amount of liability depends solely upon a construction of the policy, the question presented is one of law for the court to decide." *Atlas Pallet, Inc. v. Gallagher,* 725 F.2d 131, 134 (1st Cir.1984). *See also BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 955 F.2d 1467, 1477 (11th Cir.1992), *cert. denied,* 506 U.S. 1049, 113 S.Ct. 966, 122 L.Ed.2d 122 (1993) ("Construction of an indemnity agreement generally is a question of law for the court applying generalized principles of contract construction.").

That having been said, the court finds that in its considered judgment the plaintiff is entitled to summary judgment. The bond's coverage of "forgery" is determined by reference to the definition given by the bond itself, and not by reference to general state law definitions. *See, e.g., Alpine State Bank, supra,* at 560. Pursuant to the express language of the bond, "a signature which consists in whole or in part of one's own name signed with or without authority, in any capacity, for any purpose" does not constitute a forgery. Here, Ernest Yates signed (endorsed) the draft in question as follows: "Knight's Furniture Company, Inc. By Ernest J. Yates, its attorney And Ernest J Yates." This signature clearly consisted in whole or in part of the endorser's own name. And as the exclusion also makes clear, it is irrelevant that Mr. Yates was without authority to sign, since the bond's definition of forgery plainly states "with or without authority." The explicit agreement of the parties was to exclude from the bond's coverage situations such as this, and the court will not now amend that agreement.

### CONCLUSION

The parties' agreement is unambiguous. Plaintiff was not to be held liable for situa-

tions such as this. Plaintiff's motion for summary judgment is **GRANTED.**[1]

SO ORDERED.

---

1. Because the court finds dispositive plaintiff's argument that the bond's unambiguous definition of "forgery" precludes coverage, the court does not address plaintiff's remaining contentions.