[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11948
Non-Argument Calendar

_____

D. C. Docket No. 04-00071-CV-WLS-6

CARA HANKINSON,

Plaintiff-Appellant,

versus

THOMAS COUNTY SCHOOL SYSTEM,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 3, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Cara Hankinson filed a complaint in the district court alleging that she was

fired from her position as varsity softball coach at Thomas County High School based on her sex, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2. She later amended her complaint alleging that even though the softball and baseball coaching positions were substantially similar, she was paid less than the male baseball coach, in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Hankinson, through counsel, appeals the district court's grant of summary judgment on both of these claims in favor of her employer, Thomas County School System ("Thomas County").

## I. BACKGROUND

Hankinson coached the high school girls softball team from 2000 to 2003. In 2002, Thomas County administrators began receiving complaints about her performance as a coach. On January 29, 2003, she was advised in writing by administrators of her need to improve her performance; the letter outlined specific behaviors for Hankinson to avoid, such as making disparaging remarks about the players. As a result of the complaints and pressure from several board members whose relatives were on the softball team, Hankinson was fired in late 2003. She claims that (1) she was fired because of her sex and (2) she received a lower salary than the male baseball coach because she is female.

The district court granted summary judgment for Thomas County on

Hankinson's EPA and Title VII claims. She appeals.

## II. STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*, applying the same legal standards that bound the district court, and 'viewing all facts and reasonable inferences in the light most favorable to the nonmoving party.'" *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (quoting *Strickland v. Water Works and Sewer Bd. of Birmingham,* 239 F.3d 1199, 1203 (11th Cir. 2001)). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.

## III. DISCUSSION

A. *Equal Pay Act*

An employee establishes a *prima facie* case of an EPA violation "by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077-78 (11th Cir. 2003) (internal quotation marks omitted) (quoting

*Irby v. Bittick,* 44 F.3d 949, 954 (11th Cir. 1995)). The jobs need only be "substantially similar," and when comparing them we focus "solely on the primary duties of each job, not duties that are incidental or insubstantial, and, although formal job titles or descriptions may be considered, the controlling factor . . . must be actual job content." *Arrington v. Cobb County*, 139 F.3d 865, 876 (11th Cir. 1998) (internal quotation marks omitted).

Once a *prima facie* case is established, to avoid liability the employer must prove that the pay differential is justified by one of four exceptions: "(I) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." *Irby*, 44 F.3d at 954 (internal quotation marks omitted) (quoting 29 U.S.C. § 206(d)(1)). The employer's burden at this point is a heavy one; these exceptions constitute affirmative defenses and must be proved by a preponderance of the evidence. *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590-91 (11th Cir. 1994).

The district court found that Hankinson was unable to establish a *prima facie* case under the EPA. In granting summary judgment for Thomas County on this ground, the district court necessarily found that Hankinson failed to raise a genuine issue of material fact as to whether coaching softball was substantially similar to coaching baseball.

4

In *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518 (11th Cir. 1992), we considered the issue of whether a female plaintiff and her male coworker, who were both employed as buyers for a grocery store, had substantially similar jobs for purposes of the EPA. *Id.* at 1524. The parties agreed that the male was initially responsible for ordering more products, more often, but they disagreed as to whether the overall responsibilities were substantially equal. *Id.* The district court granted summary judgment for the employer, but we reversed, holding that there was a genuine issue of material fact as to the similarity of the jobs because reasonable minds could differ on the inferences arising from the undisputed facts. *Id.* at 1534.

Here, Hankinson conceded that there were certain differences between the softball and baseball teams, for example: the baseball team played a total of thirteen more games than the softball team, the baseball team had five to ten more players than the softball team, and baseball games tended to run longer than softball games. On the other hand, Hankinson also produced evidence that the baseball coach had more qualified assistants than she did, offsetting these differences. Because reasonable minds could differ as to whether the two positions were substantially similar, a genuine issue of material fact exists. *See id*. Moreover, the parties raise genuine issues of fact as to whether field maintenance

5

and generation of revenue were primary duties of the baseball coach. Such a distinction is material because, to the extent that they were not primary duties, it was improper for the district court to consider them in determining whether the two coaching positions were substantially similar. *See id.* at 1533.

Because a reasonable jury could infer that the two positions were substantially similar for purposes of the EPA, it was improper for the district court to grant summary judgment based on Hankinson's failure to establish a *prima facie* case. We will not address whether Thomas County has sufficiently established an affirmative defense under one of the four exceptions, as the neither Thomas County nor the district court explored this issue. Accordingly, we reverse and remand for further proceedings below.

B. *Title VII*

Title VII prohibits an employer from discriminating against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2003-2. In a discrimination case, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). Here, Hankinson relies on circumstantial evidence to support her claim of gender discrimination; pursuant to a common method of establishing a prima facie case, she attempts to show that:

6

(1) she belongs to a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside her classification more favorably; and (4) she was qualified to do the job. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).

Once a plaintiff has established a *prima facie* case of discrimination, the burden then shifts to the employer to offer a "legitimate, nondiscriminatory reason" for its decision. *Id.* at 1564. If the employer meets this burden, the burden shifts back to the plaintiff to show that the employer's proffered reason was pretextual. *McDonnell Douglas*, 411 U.S. at 804, 93 S. Ct. at 1825.

In order to prove pretext, the plaintiff must "come forward with evidence . . . sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Wascura v. City of South Miami*, 257 F.3d 1238, 1243 (11th Cir. 2001) (internal quotation marks omitted). The plaintiff must show both that the reason was false, and that discrimination was the true reason. *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006). If the proffered reason is "one that might motivate a reasonable employer," the plaintiff must "meet it head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004).

Assuming *arguendo* that Hankinson presented a *prima facie* case under Title VII, she did not present evidence to rebut Thomas County's legitimate, nondiscriminatory reason for firing her, namely that it had received numerous complaints about her performance as softball coach. Indeed, Hankinson herself believed that complaints from one particular player's parents were the driving force behind her firing. Additionally, she admitted receiving two anonymous complaint letters and having a problem with another parent. Furthermore, months before her termination, she was informed in writing that her performance had to improve, and was given a list of specific behaviors to avoid. Finally, after Hankinson was fired, Thomas County initially offered the softball coaching position to another female. In light of the foregoing, Hankinson failed to rebut Thomas County's legitimate nondiscriminatory reason for firing her, and she did not present any evidence that would permit a reasonable factfinder to conclude that she was fired because of her gender. *See Brooks*, 446 F.3d at 1163.

## IV. CONCLUSION

Accordingly, the district court correctly granted summary judgment to Thomas County on Hankinson's Title VII claim, and we affirm as to that claim. We reverse, however, the district court's grant of summary judgment on Hankinson's EPA claim, and remand for further proceedings in the district court.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**