**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| AILEEN RIZO, *Plaintiff-Appellee*, v. JIM YOVINO, Fresno County Superintendent of Schools, Erroneously Sued Herein as Fresno County Office of Education, *Defendant-Appellant.* | No. 16-15372 D.C. No. 1:14-cv-00423-MJS OPINION |

Appeal from the United States District Court
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding

Argued and Submitted February 17, 2017
San Francisco, California

Filed April 27, 2017

Before: A. Wallace Tashima and Andrew D. Hurwitz,
Circuit Judges, and Lynn S. Adelman,\* District Judge.

Opinion by Judge Adelman

---

\* The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

## SUMMARY[**]

### Equal Pay Act

The panel vacated the district court's order denying the defendant employer's motion for summary judgment on a claim under the Equal Pay Act.

The defendant conceded that it paid the female plaintiff less than comparable male employees for the same work. The defendant sought to establish the affirmative defense that this pay differential was based on a "factor other than sex" by showing that its pay structure was based on employees' prior salaries. The panel held that under *Kouba v. Allstate Ins. Co.*, 691 F.2d 873 (9th Cir. 1982), prior salary alone can be a "factor other than sex" if the defendant shows that its use of prior salary was reasonable and effectuated a business policy. The panel remanded the case for further proceedings, with instructions that the district court evaluate the business reasons offered by the defendant and determine whether the defendant used prior salary reasonably.

### COUNSEL

Michael Gary Woods (argued) and Timothy J. Buchanan, McCormick Barstow Sheppard Wayte & Carruth LLP, Fresno, California, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Daniel M. Siegel (argued) and Kevin Brunner, Siegel & Yee, Oakland, California, for Plaintiff-Appellee.

Barbara L. Sloan (argued), Attorney; Margo Pave, Assistant General Counsel; Jennifer S. Goldstein, Associate General Counsel; P. David Lopez, General Counsel; Office of the General Counsel, Washington, D.C.; as and for Amicus Curiae Equal Employment Opportunity Commission.

---

## OPINION

ADELMAN, District Judge:

The plaintiff, Aileen Rizo, is an employee of the public schools in Fresno County.  After discovering that the County pays her less than her male counterparts for the same work, she brought this action under the Equal Pay Act, 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the California Fair Employment and Housing Act, Cal. Gov. Code § 12940.  When the County[1] moved for summary judgment, it conceded that it paid the plaintiff less than comparable male employees for the same work. However, it argued that this result was lawful because the pay differential was "based on any other factor other than sex," an affirmative defense to a claim under the Equal Pay Act.  This other factor was prior salary, and the district court concluded that when an employer bases a pay structure "exclusively on prior wages," any resulting pay differential between men and women is not based on any other factor other than sex. *Rizo v. Yovino*, No. 1:14-cv-0423-MJS, 2015

---

[1] The defendant is Jim Yovino, the Fresno County Superintendent of Schools.  However, because Yovino is sued in his official capacity, in this opinion we will refer to the defendant as the County.

WL 9260587, at *9 (E.D. Cal. Dec. 18, 2015). Based on this conclusion, the district court denied the County's motion for summary judgment.

The district court candidly recognized that its decision potentially conflicted with this court's decision in *Kouba v. Allstate Insurance Co.*, in which we held that prior salary can be a factor other than sex, provided that the employer shows that prior salary "effectuate[s] some business policy" and the employer uses prior salary "reasonably in light of [its] stated purpose as well as its other practices," 691 F.2d 873, 876–77 (9th Cir. 1982), and thus certified its decision for interlocutory appeal under 28 U.S.C. § 1292(b). We permitted that appeal and authorized the County to appeal from the order denying summary judgment.

We conclude that this case is controlled by *Kouba*. We therefore vacate the district court's order and remand with instructions to reconsider the County's motion for summary judgment.

## I.

In 2009, the County hired the plaintiff as a math consultant, a position it classifies as management-level. When the County hired Rizo, it used a salary schedule known as "Standard Operation Procedure 1440" to determine the starting salaries of management-level employees. This schedule consists of twelve "levels," each of which has progressive "steps" within it. New math consultants receive starting salaries within Level 1, which has ten steps, with pay ranging from $62,133 at Step 1 to $81,461 at Step 10. To determine the step within Level 1 on which the new employee will begin, the County considers the employee's most recent prior salary and places the

employee on the step that corresponds to his or her prior salary, increased by 5%.

Prior to being hired by Fresno County, the plaintiff worked as a math teacher at a middle school in Arizona. When she left that position, she was receiving a salary of $50,630 per year, plus an annual stipend of $1,200 for her master's degree. Adding 5% to the plaintiff's prior compensation resulted in a salary lower than Fresno County's Level 1, Step 1 salary. Thus, under Standard Operation Procedure 1440, the plaintiff's starting salary was set at the minimum Level 1 salary: $62,133. However, the County also paid the plaintiff a $600 stipend for her master's degree, so her total starting pay was $62,733 per year.

In July 2012, the plaintiff was having lunch with her colleagues when a male math consultant who had recently been hired informed her that he started on Step 9 of Level 1. The plaintiff subsequently learned that the other math consultants, all of whom were male, were paid more than she was. The plaintiff complained to the County about this disparity, but the County informed her that all salaries had been properly set under Standard Operation Procedure 1440.

Dissatisfied with the County's response, the plaintiff initiated this suit. The County moved for summary judgment, arguing that the plaintiff's salary, though less than her male colleagues', was based on "any other factor other than sex," namely, prior salary. The district court determined that, under the Equal Pay Act, prior salary alone can never qualify as a factor other than sex, reasoning that "a pay structure based exclusively on prior wages is so inherently fraught with the risk . . . that it will perpetuate a discriminatory wage disparity between men and women that it cannot stand, even if motivated by a legitimate non-discriminatory business purpose." *Rizo*, 2015 WL 9260587,

at \*9.  The court therefore denied the County's motion for summary judgment.

## II.

Under the Equal Pay Act, the plaintiff has the burden of establishing a prima facie case of discrimination.  *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1073–74 (9th Cir. 1999). "The Equal Pay Act creates a type of strict liability; no intent to discriminate need be shown."  *Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir. 1986) (internal quotation marks and citation omitted).  Thus, to make out a prima facie case, the plaintiff must show only that he or she is receiving different wages for equal work.  *Hein v. Or. Coll. of Educ.*, 718 F.2d 910, 916 (9th Cir. 1983).

"Once the plaintiff establishes a prima facie case, the burden of persuasion shifts to the employer to show that the wage disparity is permitted by one of the four statutory exceptions to the Equal Pay Act: '(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.'"  *Maxwell*, 803 F.2d at 446 (quoting 29 U.S.C. § 2069(d)(1)).  "These exceptions are affirmative defenses which the employer must plead and prove."  *Kouba*, 691 F.2d at 875.[2]

---

[2] The plaintiff also alleges claims under Title VII and the California Fair Employment and Housing Act.  "When a Title VII claimant contends that she has been denied equal pay for substantially equal work, . . . Equal Pay Act standards apply."  *Maxwell*, 803 F.2d at 446; *see also Kouba*, 691 F.2d at 875.  For this reason, we do not separately discuss the plaintiff's Title VII claim.  Because the parties do not assert that there are differences between federal law and the California Fair Employment and Housing Act, we also do not separately discuss California law.

In the district court, the County conceded that the plaintiff had established a prima facie case under the Equal Pay Act, but asserted the affirmative defense that the pay differential was "based on any other factor other than sex." Because the County sought summary judgment on the basis of an affirmative defense on which it would bear the burden of proof at trial, it must show at the summary-judgment stage that "no reasonable trier of fact" could fail to find that it had proved that defense. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, the issue that prompted this interlocutory appeal is purely one of law: whether the district court's conclusion that prior salary alone can never be a "factor other than sex" is correct.

In *Kouba*, the employer, Allstate Insurance, "compute[d] the minimum salary guaranteed to a new sales agent on the basis of ability, education, experience, and prior salary." 691 F.2d at 874. As result of this practice, on average, female agents made less than male agents. *Id.* at 875. The plaintiff alleged that Allstate's "use of prior salary caused the wage differential," and that therefore the differential violated the Equal Pay Act. *Id.* Allstate argued that, to the extent its use of prior salary "caused the wage differential," "prior salary constitute[d] a factor other than sex." *Id.* The district court rejected this argument, reasoning that (1) because so many employers paid discriminatory salaries in the past, the court would presume that a female agent's prior salary was based on her gender unless the employer presented evidence to rebut that presumption, and (2) absent such a showing, prior salary is not a factor other than sex. *Id.*

On appeal, we rejected the district court's interpretation of the Equal Pay Act. *Id.* at 876. We held that "the Equal Pay Act does not impose a strict prohibition against the use

of prior salary," even though an employer could "manipulate its use of prior salary to underpay female employees." *Id.* at 878. However, we did not hold that prior salary automatically qualifies as a factor other than sex. Rather, we held that an employer could maintain a pay differential based on prior salary (or based on any other facially gender-neutral factor) only if it showed that the factor "effectuate[s] some business policy" and that the employer "use[s] the factor reasonably in light of the employer's stated purpose as well as its other practices." *Id.* at 876–77. We then noted that Allstate had offered "two business reasons for its use of prior salary" and directed the district court to evaluate those reasons on remand. *Id.* at 877.

The County has offered four business reasons for using Standard Operation Procedure 1440, under which starting salaries are based primarily on prior salary: (1) the policy is objective, in the sense that no subjective opinions as to the new employee's value enters into the starting-salary calculus; (2) the policy encourages candidates to leave their current jobs for jobs at the County, because they will always receive a 5% pay increase over their current salary; (3) the policy prevents favoritism and ensures consistency in application; and (4) the policy is a judicious use of taxpayer dollars. But, the district court did not evaluate whether these reasons effectuate a business policy or determine whether the County used prior salary "reasonably," as required by *Kouba*. Rather, the district court determined that, even though in *Kouba* we held that the Equal Pay Act does not impose a strict prohibition against the use of prior salary, *Kouba* does not preclude a finding that an employer may not use prior salary "as the *only* factor." *Rizo*, 2015 WL 9260587, at \*7. According to the district court, "[t]he Ninth Circuit in *Kouba* was not called upon to, and did not, rule on the question of whether a salary differential based solely on

prior earnings would violate the [Equal Pay Act], even if motivated by legitimate, non-discriminatory business reasons." *Id.* at *8. The district court then followed cases from other circuits holding that prior salary alone cannot justify a pay disparity. *Id.* at *8–9 (citing, among other cases, *Angove v. Williams-Sonoma, Inc.*, 70 F. App'x 500, 508 (10th Cir. 2003); *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995); *Price v. Lockheed Space Operations Co.*, 856 F.2d 1503, 1506 (11th Cir. 1988); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1570–71 (11th Cir. 1988)).

We do not agree with the district court that *Kouba* left open the question of whether a salary differential based solely on prior earnings violates the Equal Pay Act. To the contrary, that was exactly the question presented and answered in *Kouba*. The plaintiff in *Kouba* alleged that Allstate's "use of prior salary *caused the wage differential*." 691 F.2d at 875 (emphasis added). Although noting that Allstate "question[ed]" whether its use of prior salary caused the differential, we left the question of causation for the district court to resolve on remand. *Id.* at 875 n.5. It is true that Allstate, in setting an employee's pay, considered factors other than prior salary, including "ability, education, [and] experience." *Id.* at 874. However, we did not attribute any significance to Allstate's use of these other factors. Rather, we focused on prior salary alone and determined that it would be a "factor other than sex" within the meaning of the Equal Pay Act, provided that Allstate could show on remand that its use of prior salary was reasonable and effectuated some business policy. *Id.* at 876–78.

The plaintiff and the EEOC, as amicus curiae, argue that prior salary alone cannot be a factor other than sex because when an employer sets pay by considering only its employees' prior salaries, it perpetuates existing pay

disparities and thus undermines the purpose of the Equal Pay Act. But this argument was presented in *Kouba*, and the result we reached was to allow an employer to base a pay differential on prior salary so long as it showed that its use of prior salary effectuated some business policy and that the employer used the factor reasonably in light of its stated purpose and its other practices. *Id.* We did not draw any distinction between using prior salary "alone" and using it in combination with other factors.

Moreover, we do not see how the employer's consideration of other factors would prevent the perpetuation of existing pay disparities if, as we assumed in *Kouba* and as is the allegation here, prior salary is the only factor that *causes* the current disparity. For example, assume that a male and a female employee have the same education and number of years' experience as each other, but the male employee was paid a higher prior salary than the female employee. The current employer sets salary by considering the employee's education, years of experience, and prior salary. Using these factors, the employer gives both employees the same salary credit for their identical education and experience, but the employer pays the male employee a higher salary than the female employee because of his higher prior salary. In this example, it is prior salary alone that accounts for the pay differential, even though the employer also considered other factors when setting pay. If prior salary alone is responsible for the disparity, requiring an employer to consider factors in addition to prior salary cannot resolve the problem that the EEOC and the plaintiff have identified.[3]

---

[3] We also note that, if an employer's use of prior salary alone were unacceptable under the Equal Pay Act, but the employer's mere

## III.

Because *Kouba* holds that a pay differential based on the employer's use of prior salary can be "a differential based on any other factor other than sex," we vacate the district court's order denying the County's motion for summary judgment and remand for further proceedings. On remand, the district court must evaluate the four business reasons offered by the County and determine whether the County used prior salary "reasonably in light of [its] stated purpose[s] as well as its other practices." *Kouba*, 691 F.2d at 876–77. We emphasize that because these matters relate to the County's affirmative defense rather than to the elements of the plaintiff's claim, the County has the burden of persuasion. *See Maxwell*, 803 F.2d at 446. Thus, unlike in a typical case under Title VII involving the burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the plaintiff does not have to present evidence that the County's explanation for the pay differential is a pretext for intentional gender discrimination. Rather, it is up to the employer to persuade the trier of fact that its stated "factor other than sex" actually caused the salary differential, that the stated factor "effectuate[s] some business policy," and that the employer used the factor "reasonably in light of [its] stated purpose as well as its other practices." *Kouba*, 691 F.2d at 876–77. Of course, the plaintiff is free to introduce evidence of pretext (or any other

---

consideration of some other factor in addition to prior salary (other than sex) cured the problem, then in the present case the County's pay structure would be lawful. That is because, in addition to prior salary, the County considers a new hire's education when setting pay, as reflected in the "stipend" that the plaintiff received for holding a master's degree.

matter that casts doubt on the employer's affirmative defense) if it chooses to do so. *Maxwell*, 803 F.2d at 446.

**VACATED and REMANDED.** Each party shall bear its own costs.