Robert L. **WHITEHEAD**, Plaintiff,

v.

**NORFOLK SOUTHERN RAILWAY COMPANY and Norfolk Southern Corp., Defendants.**

**No. 5: 98–CV–38–4 (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

June 29, 1999.

Rhonda Roell–Taylor, Macon, GA, for Robert L. Whitehead, plaintiff.

Carey P. DeDeyn, Atlanta, GA, for Folk Southern Corporation, defendants.

## ORDER

OWENS, District Judge.

Before the Court is Defendant Norfolk Southern Railway Company's Motion for Summary Judgment [Tab # 's 33]. Having carefully considered the motion, the related caselaw and statutes, and the file as a whole, the Court enters the following order.

## I. Facts

Plaintiff Robert L. Whitehead was hired in 1971 by Southern Railway Company to work as a Carman at Brosnan Yard in Macon, Georgia. In May 1997, Plaintiff bid for a new position in the Forwarding Yard, where outbound trains are inspected and prepared for departure. The job bulletin advertising this position described it as follows: "coupling, inspecting, testing, and repairing freight cares in forwarding yard as per Rule 148 of current controlling agreement." Plaintiff was awarded the new position in the Forwarding Yard based on his seniority, effective May 15, 1997. To promote efficiency and prevent duplication of effort, the Carmen are assigned one of two general geographical locations within the Forwarding Yard—the "north end" or the "south end." Within these broad areas, the Carmen themselves "decide how far they're going to inspect" and "work together as a team to make sure that the whole train is covered."

Foreman Willie Smith became Plaintiff's supervisor when Plaintiff received the position in the Forwarding Yard. Plaintiff initially worked in the north end of the Forwarding Yard. Plaintiff testified that he preferred the north end because "the gravel at the southern end seemed to be softer and harder to walk in." After investigating some delays, Smith swapped Plaintiff out of the north end, with Bill Griffin, an African American with less seniority, who had been working in the south end. After his relocation to the south end of the Forwarding Yard, Plaintiff continued to work the same hours with the same "off" days, the same benefits, and the same rate of pay. No provision in the collective bargaining agreement entitled Plaintiff to work in any specific location within the Forwarding Yard.

## II. Contentions

Defendant asserts that it is entitled to judgment as a matter of law because 1)

Plaintiff's claim is preempted by the Railway Labor Act, 2) Plaintiff has failed to establish a prima facie case of disparate treatment under Title VII, and 3) Plaintiff has failed to show that defendant's proffered legitimate basis for relocating Plaintiff was pretextual. Plaintiff argues that material issues of fact remain on his claim which should preclude summary judgment.

## III. Discussion

### A. Summary judgment standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be entered in favor of the movant where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Irby v. Bittick*, 44 F.3d 949, 953 (11th Cir.1995). The movant's entitlement to judgment as a matter of law is satisfied where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a party has moved for summary judgment and properly supported its motion, the burden shifts to the nonmovant to create, through the evidentiary forms listed in FED.R.CIV.P. 56(c), genuine issues of material fact necessitating a trial. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548.

### B. Title VII

#### 1. Standard for Title VII Disparate Treatment Claims

■ To prevail on a disparate treatment claim under Title VII, Plaintiff must first establish a prima facie case of discrimination by proving 1) he is a member of a protected class; 2) he is qualified for his position; 3) he suffered an adverse employment action; and 4) similarly situated employees outside the protected class were treated more favorably. *See, e.g., Jones v. Bessemer Carraway Med. Ctr.*, 137 F.3d 1306, 1310 (11th Cir.), *modified in part on other grounds*, 151 F.3d 1321 (11th Cir.1998); *Armstrong v. Flowers Hosp.*, 33 F.3d 1308, 1313 (11th Cir.1994). If a prima facie case is established the burden then shifts to the defendant to "articulate a legitimate, non-discriminatory reason for the [adverse employment action]." *Jones*, at 1310; *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Finally, the plaintiffs then may prove, by the preponderance of the evidence, that the proffered reason was pretextual. *Id.; citing Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

#### 2. Discussion

■ The Court need not address the Defendant's argument that Plaintiff's claim is preempted by the Railway Labor Act because Plaintiff has failed to make out a prima facie case under Title VII. Plaintiff has failed to establish that he suffered an adverse employment action when he was relocated from the north end of the railway yard to the south end. Plaintiff's job classification, duties, benefits and salary were exactly the same in both positions. Other than Plaintiff's admittedly "subjective" preference for the north end and the belief that the ground was softer in the south end, the positions were identical. However, Plaintiff also argues that he was subjected to a hostile environment in the south end as a result of the transfer.

Plaintiff cannot meet the burden of establishing a prima facie case of disparate treatment. As the Seventh Circuit has explained:

> Obviously a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse

employment action. A transfer involving no reduction in pay and no more than a minor change in working conditions will not do, either. Otherwise, every trivial personnel action that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit. The Equal Employment Opportunity Commission, already staggering under an avalanche of filings too heavy for it to cope with, would be crushed, and serious complaints would be lost among the trivial.

*Williams v. Bristol–Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir.1996) (quoted with approval in*Doe*, 145 F.3d at 1449 & n. 14.); *see also Cargile v. Horton Homes, Inc.*, 851 F.Supp. 1575, 1578 (M.D.Ga.1994) (plaintiff's transfer from one section of a manufacturing plant to another was not an adverse employment action because plaintiff "suffered no loss in pay or benefits as a result of the transfer"), *aff'd without op.*, 56 F.3d 1391 (11th Cir.1995); *Hudson v. Southern Ductile Casting Corp.*, 849 F.2d 1372, 1375 (11th Cir.1988) (plaintiff's "alleged demotion" to position of plant guard, which resulted in no reduction in pay or loss of benefits, could not support Title VII claim); *Graham v. Florida Dept. of Corrections*, 1 F.Supp.2d 1445, 1450 (M.D.Fla. 1998) (correctional worker's transfer to different location was not actionable; court noted that "Plaintiff's unhappiness with the reassignment does not make the reassignment adverse"). Plaintiff's relocation resulted in, at most, a minor change in his work environment, which does not amount to an adverse employment action.

■ Furthermore, Plaintiff's argument that the adverse affect was Plaintiff's being transferred into a hostile work environment lacks merit. While Plaintiff asserts that, once transferred, he was subjected to a hostile work environment, the only type of behavior that plaintiff alleges was hostile was his fellow co-workers teasing him about the transfer. However, by Plaintiff's own admission, the so-called harassment was aimed at Plaintiff's having been "run over by Defendant," not his race. In order to determine if Defendant intentionally discriminated against Plaintiff when he relocated Plaintiff to the south end, the Court must consider the factors in place at the time of the decision. Plaintiff has shown no evidence that Smith knew or even should have known that once Plaintiff began working in the south end that he may be harassed. Even if Defendant could have anticipated such an environment, the complained of treatment does not rise to the level of an actionable hostile environment. *See Mitchell v. Carrier Corp.*, 954 F.Supp. 1568, 1577 (M.D.Ga. 1995) (plaintiff's "conflicts with his co-workers, without more, are not sufficient evidence of a hostile work environment"), *aff'd without op.*, 108 F.3d 343 (11th Cir.1997). Accordingly, Plaintiff has not established that he suffered an adverse employment action. Thus, Plaintiff has also failed to establish a prima facie case of disparate treatment under Title VII.

## 2. Pretext

■ Even if a prima facie case was established against the Defendant, Plaintiff has failed to put forth any evidence that the Defendant's proffered legitimate nondiscriminatory reason for relocating Plaintiff (that Plaintiff was observed causing delays in his department and was thus relocated to the south end to improve the efficiency of the yard as a whole) was pretextual, other than the fact that the transferring supervisor and the other transferree were of a different race than Plaintiff. This evidence would not be sufficient to convince a reasonable factfinder that Defendant's stated reason was pretextual. Accordingly, Defendants are entitled to summary judgment on this basis also.

## IV. Conclusion

Plaintiff having failed to present genuine issues of material fact sufficient to preclude summary judgment, the Court **HEREBY GRANTS** Defendant's Motion for Summary Judgment [Tab # 33].

**SO ORDERED,**