**Karen WACHTER–YOUNG, Plaintiff,**

v.

**OHIO CASUALTY GROUP, an Ohio corporation, the Ohio Casualty Corporation, an Ohio corporation, the Ohio Casualty Insurance Company, an Ohio corporation, and Ohio Security Insurance Company, an Ohio corporation, Defendants.**

**No. CV 01–3011–AA.**

United States District Court, D. Oregon.

May 14, 2002.

**1160**

Evelyn M. Conroy, Dennis, Richardson & Associates, P.C., Central Point, for plaintiff.

M. Robert F. Smith, Smith, Freed, Chock & Eberhard, P.C., Portland, Oregon, J. Alan Lips, Stephanie S. Bisselberg, Taft, Stettinius & Hollister, LLP, Cincinnati, for defendants.

## OPINION AND ORDER

AIKEN, Judge.

Plaintiff, Karen Wachter–Young, brings this action for civil damages under Title VII, 42 U.S.C. § 2000e and the Equal Pay Act, 29 U.S.C. § 206(d) for wage discrimination. Pursuant to Fed.R.Civ.P. 56, defendants filed a motion for summary judgment seeking to dismiss plaintiff's complaint. For the reasons set forth below, the defendants' motion is granted.

## STATEMENT OF THE FACTS

Plaintiff began working for defendant, Ohio Casualty Insurance Corporation (OCIC), as a Senior Claims Representative on December 1, 1998. Plaintiff's Memo, p. 1; Defendants' Facts, p. 2. Plaintiff was previously employed by Great American Insurance (GAI) and was hired by OCIC pursuant to a purchase agreement, which provided that OCIC would hire former GAI employees on "substantially equivalent" terms. Defendants' Facts, p. 2; Plaintiff's Facts, p. 2. The agreement also stated that it should not be construed to limit OCIC to change the terms of employment for transferred employees. Plain-

tiff's Facts, p. 2. The salaries of two former GAI employees, Mark Lee and Paul Robbins, were increased to compensate them for agreeing to relocate to the Denver office. Defendants' Facts, p. 2 n. 1; Plaintiff's Facts, p. 4.

Plaintiff was assigned to the Pacific Northwest liability unit in Denver. Defendants' Facts, p. 2. Three of the seven former GAI employees assigned to the Denver office went to the liability unit. Defendants' Facts, p. 2; Plaintiff's Facts, p. 3. Young was hired as a Senior Liability Adjuster with a salary of $40,040 per year. Defendants' Facts, p. 2. In 1999, OCIC gave former GAI employees, including plaintiff, a pay increase they had been scheduled to receive by GAI. Defendants' Facts, p. 4. OCIC had a program governing merit pay increases, which provided for annual salary reviews and for increases based on a percentage of an employee's base pay. Defendants' Facts, p. 4. In January 1999, OCIC revised its compensation policies and began assigning jobs in different areas to salary ranges, instead of management and OCIC's Compensation Department using various factors to set an employee's starting salary. *Id.* at 3.

Plaintiff asserts that she complained to her supervisor, Mark Lee, about receiving a lower salary than the male Claims Representatives in her unit; the complaint was ultimately received by regional Vice President, Dave Roberts, but never acted upon. Plaintiff's Facts, p. 5. Plaintiff also asserts that Roberts and Claims Manager Rosemary Thompson promised to equalize her salary with that of OCIC employees doing the same work. *Id.* at 4. On February 1, 2001, plaintiff was demoted from Senior Claims Representative to Claims Representative. *Id.* Plaintiff alleges that OCIC paid male employees approximately $8,000 to $11,000 more per year for similar jobs. Plaintiff's Facts, p. 5.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of a fact is determined by the substantive law on the issue. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc.,* 809 F.2d 626, 630 (9th Cir.1987).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec. Serv.,* 809 F.2d at 630.

In employment discrimination cases, the requirements to obtain summary judgment against a plaintiff's prima facie case are rigorous. *Garner v. Motorola, Inc.,* 95 F.Supp.2d 1069, 1075 (D.Ariz.2000) (citing *Schnidrig v. Columbia Mach., Inc.,* 80 F.3d 1406, 1410 (9th Cir.1996) ("[W]e require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record.")).

## DISCUSSION

In general, to assert a claim under the Equal Pay Act, 29 U.S.C. § 206(d), plaintiff must establish a prima facie case of wage discrimination; then, the burden shifts to defendants to prove one of four statutorily available affirmative defenses. *See generally Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974). The specific standards applicable to the prima facie case and the affirmative defenses are discussed in the relevant sections below. Furthermore, Title VII and the Equal Pay Act overlap and where, as here, plaintiff brings a wage discrimination claim, Equal Pay Act standards apply to the Title VII claim. *Maxwell v. City of Tucson,* 803 F.2d 444, 446 (9th Cir.1986). Thus, an employer retains the burden of proving the Equal Pay Act affirmative defenses in a Title VII action. *Kouba v. Allstate Ins. Co.,* 691 F.2d 873, 875 (9th Cir.1982).

Plaintiff alleges that OCIC paid her less than her male co-workers in violation of Title VII and the Equal Pay Act. Defendants argue that plaintiff failed to establish her prima facie case as a matter of law. Alternately, defendants argue that they have established their affirmative defenses, specifically that plaintiff's salary resulted from a valid merit system and/or a "factor other than sex." 29 U.S.C. §§ 206(d)(1)(ii), (iv).

### A. Plaintiff's Prima Facie Case

To state a claim for relief under the Equal Pay Act, plaintiff must establish a prima facie case of wage discrimination by showing that the employer pays different wages to employees of the opposite sex for substantially equal work. *Corning Glass Works,* 417 U.S. at 195, 94 S.Ct. 2223. To be "substantially equal," the jobs need not be identical, but must require similar skills, effort and responsibility per-

formed under similar conditions. 29 U.S.C. § 206(d); *Gunther v. County of Washington,* 623 F.2d 1303, 1309 (9th Cir. 1979), *aff'd on other grounds,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981); *see also EEOC v. Maricopa County Community College District,* 736 F.2d 510, 513 (9th Cir.1984). The Act creates a type of strict liability in that no intent to discriminate need be shown. *Maxwell,* 803 F.2d at 446 (citations omitted); *see Garner,* 95 F.Supp.2d at 1075 (standards for granting summary judgment are rigorous).

■■■ A prima facie case of wage discrimination is limited to a comparison of jobs, not the individuals who hold the jobs. *Stanley v. University of Southern California,* 178 F.3d 1069, 1074 (9th Cir.1999). Though plaintiff bears the burden of proving that jobs are "substantially equal," plaintiff need not demonstrate that the jobs are identical. *Id.* Instead, the jobs should share a "common core" of tasks and neither job should have so many additional tasks as to make it substantially different from the other. *Id.; see also Hein v. Oregon College of Education,* 718 F.2d 910, 917 (9th Cir.1983) (if claim could be defeated by showing plaintiff had additional duties, employers could easily subvert the intent of the Equal Pay Act).

Here, plaintiff compares herself to three male OCIC employees, Mark Billeci, Joe Luthra, and Walt Hodges. Plaintiff's Memo, p. 5. All three are claims representatives working in the Pacific Northwest Liability Unit of the Denver office and defendants' wage records indicate that they were paid more than plaintiff.[1] *Id.* While Senior Claims Representatives handle more complex cases than Claims Representatives the job responsibilities listed in OCIC's job descriptions for each posi-

tion are identical except for this difference in complexity. Plaintiff's Notice of Exhibits, Exh. 8, 9. I find that the two jobs share a "common core" of tasks and that the minor differences in responsibility are inconsequential for purposes of determining that the three male employees, Billeci, Luthra, and Hodges, performed substantially equal jobs. *See Hein,* 718 F.2d at 914; *Maricopa County,* 736 F.2d at 514.

Defendants concede plaintiff's responsibilities were the same as the three male OCIC employees. They assert that plaintiff was "assigned to the duties of the Claim Representative classification" although she was hired with her previous GAI title of Senior Claims Representative. Defendants' Facts, p. 1–2. Even if plaintiff performed the duties of Senior Claims Representative, as she contends, it is axiomatic that the fact that males performing jobs with less responsibility receive higher pay is sufficient to establish plaintiff's prima facie case. 29 C.F.R. § 1620.14(a) ("differences in skill, effort or responsibility which might be sufficient to justify a finding that two jobs are not equal ... if the greater skill, effort, or responsibility has been required of the higher paid sex, *do not justify such a finding where the greater skill, effort, or responsibility is required of the lower paid sex.*") (emphasis added).

Furthermore, plaintiff relies on an affidavit by her supervisor, Mark Lee, and submitted an affidavit herself stating that the skill, effort, responsibility, and working conditions of plaintiff were substantially similar to those for the three male OCIC employees. Plaintiff's Notice of Exhibits, Affidavit of Mark Lee, Affidavit of Karen Wachter–Young. This evidence is suffi-

---

**1.** As of December 1, 1998, the three male employees were paid the following: Mark Billeci, $51,756; Joe Luthra, $48,564; Walt Hodges, $49,200. Plaintiff's Notice of Exhib- its 4, 5, 6; Defendants' Facts, Appendix C (Exh. 23). As of June 2000, the salaries were as follows: Mark Billeci, $54,903; Joe Luthra, $51,264; Walt Hodges, $52,699. *Id.*

cient to establish plaintiff's prima facie case for purposes of summary judgment. *See Garner,* 95 F.Supp.2d at 1076 (employee's affidavit based on personal knowledge of jobs presents factual issue); *see also Maricopa County,* 736 F.2d at 514 (letters of supervisor and university dean that plaintiff performed same job as two male employees with different titles, plus showing that plaintiff was paid lower salary than males, was sufficient to establish prima facie case).

■ Defendants' argument, that plaintiff is not similarly situated to anyone other than former GAI employees, is without legal support. Even if plaintiff could only compare herself to former GAI employees, the only other GAI employee in plaintiff's unit was female Lee Moon, who was also paid less than the male OCIC employees. Plaintiff's Facts, p. 2. Furthermore, defendants cannot defeat plaintiff's prima facie case on summary judgment merely by pointing to comparators that plaintiff wrongly excluded. I have found no case law requiring plaintiff to provide the court with information on all possibly comparable male employees within the relevant "establishment." The language of the Act does not mandate any such showing. *See* 29 U.S.C. § 206(d) (an employer shall not, within any establishment, pay "wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment").

Additionally, I find no evidence that plaintiff selected only the highest paid male employee with which to compare herself. Defendants rely on *Hein,* which examined six different plaintiffs' claims. *Hein* found that several plaintiffs chose a single employee for comparison because he was the highest paid employee, not because he was the only comparable male employee. 718 F.2d at 916. Here, plaintiff compared herself to three males and

did not arbitrarily exclude relevant comparators as in *Hein.* Furthermore, *Hein* noted that, while the court will look critically upon the use of a single comparator to establish a prima facie case, use of a single comparator is not fatal unless an appropriate comparator is wrongly excluded. *Id.* at 918.

Evidence of other relevant male comparators is more appropriately examined at trial. At the summary judgment stage, plaintiff need only show that some male comparators were paid more than she was paid to establish her prima facie case under the Equal Pay Act. *Hein,* 718 F.2d at 916 (remand for determination of whether plaintiff's job was substantially equal to any other male comparators, noting that any party could introduce evidence of other comparators); *see also Hennick v. Schwans Sales Enterprises, Inc.,* 168 F.Supp.2d 938, 949 (N.D.Iowa 2001) (evidence of other male comparators relevant at later stage of analysis to determine whether defendant engaged in intentional discrimination but will not defeat prima facie case on summary judgment).

■ Defendants emphasize differences in experience among plaintiff and her male comparators in attacking plaintiff's prima facie case. However, work experience is not relevant to determining whether plaintiff's job required similar skill, effort, and responsibility under similar conditions as the jobs of her proffered male comparators. Experience is more appropriately addressed as part of defendants' "factor other than sex" affirmative defense. *Kouba,* 691 F.2d at 875 (affirmative defense cannot be an element of the cause of action).

I find that plaintiff has established a prima facie case, specifically that males in substantially equal jobs were paid higher salaries. Thus, defendants' summary judgment motion on this ground is denied.

## B. Defendants' Affirmative Defenses

█ Once a plaintiff establishes a prima facie case, the burden of persuasion shifts to the employer to show that the wage disparity is permitted by one of the four statutory exceptions to the Equal Pay Act: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1); *Maxwell,* 803 F.2d at 446. These .exceptions are affirmative defenses, which the employer must plead and prove. *Kouba,* 691 F.2d at 875. A plaintiff may rebut these affirmative defenses with evidence that they are merely pretexts and the employer intended to discriminate. *Id.* at 876; *Maxwell,* 803 F.2d at 446. Here, defendants assert two affirmative defenses—use of a factor other than sex, and the existence of a valid merit system. I find that defendants have established both defenses as a matter of law and that plaintiff fails to adduce specific evidence that defendants' proffered reasons for the wage disparity are pretextual.

### 1. Factor Other than Sex

█ Salary differentials that result from unequal starting salaries "do not violate the Equal Pay Act if the original salary can be justified by one of the four exceptions to the Equal Pay Act." *Hein,* 718 F.2d at 920. Here, defendants argue that plaintiff's lower starting salary was attributable to a factor other than sex, specifically the existence of a purchase agreement governing the hiring of former GAI employees. Defendants' Memo, p. 11. While an employer cannot use a factor "which causes a wage differential between male and female employees absent an acceptable business reason," *Kouba,* 691 F.2d at 876, courts have observed that the "factor other than sex" exception was intended to be a broad exception. *Id.* at 877; *see also Maxwell,* 803 F.2d at 447.

In *Kouba,* the Ninth Circuit noted that the possibility of asserting a business reason as a pretext for a discriminatory objective is "especially great with a factor like prior salary which can easily be used to capitalize on the unfairly low salaries historically paid to women." 691 F.2d at 876. Moreover, the court noted that, "we have found no authority giving guidance on the proper judicial inquiry absent direct evidence of discriminatory intent." *Id.* However, the court observed that its ability to protect against such abuse was "somewhat limited" because the Equal Pay Act "entrusts employers, not judges, with making the often uncertain decision of how to accomplish business objectives." *Id.* A pragmatic standard, "which protects against abuse yet accommodates employer discretion, is that the employer must use the factor reasonably in light of the employer's stated purpose as well as its other practices." *Id.* at 876–77. Thus, *Kouba* recognized that the Equal Pay Act does not prohibit use of prior salary as part of an employer's affirmative defense; indeed, a court "must find that the business reasons given by [the employer] do not reasonably explain its use of [prior salary] before finding a violation of the Act." *Id.* at 878.

█ Here, defendants assert that they used prior salary to set the starting salary of all former GAI employees, including plaintiff. Defendants assert that the purchase agreement was an acceptable business reason for using prior salary. I agree. Specifically, defendants argue that hiring GAI employees at their prior GAI salaries ensured the continuity of the GAI workforce, which would service GAI accounts, and enabled OCIC to realize the value of its purchase of GAI. Defendants' Memo, p. 10; Defendants' Reply, p. 9. "While an employer may not overcome the burden of proof on the affirmative defense of relying on 'any other factor other than

sex' by resting on prior pay alone ... there is no prohibition on utilizing prior pay as part of a mixed-motive," such as prior pay and, here, obtaining the economic benefit of a business purchase agreement. *Irby v. Bittick,* 44 F.3d 949, 954 (11th Cir.1995) (internal citations omitted). I find these are acceptable business reasons, entitling defendants to use prior salary to set starting salaries. I find that defendants acted reasonably, and did not discriminate, when they based plaintiff's starting salary on her prior salary at GAI pursuant to the purchase agreement. As *Kouba* held, "a factor used to effectuate some business policy is not prohibited simply because a wage differential results." *Id.,* 691 F.2d at 876.

Further, I find that defendants' use of the purchase agreement to establish starting salaries is not a pretext for intentional sex discrimination, but that defendants applied this factor regardless of gender. Once defendants establish an affirmative defense, plaintiff bears the burden of rebutting it with evidence of pretext. *See Stanley,* 178 F.3d at 1076–1077 (where defendant demonstrates that a pay differential was based on a factor other than sex, plaintiff bears the burden of demonstrating a material fact regarding pretext in order to survive summary judgment). The court notes plaintiff's comprehensive memo in opposition to defendants' motion and lengthy oral argument by both parties, however, plaintiff still fails to point the court to any evidence of pretext by the defendants. Plaintiff fails to carry her burden in that the court was not presented any evidence whatsoever that defendants engaged in pretext for wage discrimination when it applied the salaries as mandated by the purchase agreement, uniformly, to all employees except for two employees who were relocated.

In fact, plaintiff does not dispute that defendants hired 601 of the 603 former GAI employees, male and female, at their prior salaries. Plaintiff's Facts, p. 2. Plaintiff only points to two former GAI male employees that received pay increases as evidence that defendants did not uniformly apply the purchase agreement. *Id.* Defendants assert, and plaintiff does not dispute, that these two pay increases represented cost-of-living adjustments for relocation to the Denver office. Defendants' Facts, p. 2. In light of the application of the purchase agreement to 601 other employees, male and female, these two pay increases are insufficient evidence that defendants used the purchase agreement as a pretext for wage discrimination against plaintiff. In addition, plaintiff fails to bring before this court, either in her briefing or during oral argument, any evidence in support of her assertion that defendants "took advantage of a pre-existing depressed salary for certain female employees of GAI." Plaintiff's Facts, p. 7; *see Groussman v. Respiratory Home Care,* 1985 WL 5621 (C.D.Cal.1985) (conclusory allegations and denials insufficient on summary judgment to rebut defendants' asserted business reasons for using prior salary).

Further, the appropriate inquiry to determine if the factor put forward is a pretext · is, whether the employer has "use[d] the factor reasonably in light of the employer's stated purpose as well as its other practices." *Maxwell,* 803 F.2d at 446 (quoting *Kouba,* 691 F.2d at 876–77). Because I find that defendants offered an acceptable business reason for using prior salary and that plaintiff failed to provide any evidence of pretext, defendants' have established their "factor other than sex" defense.[2]

---

**2.** I need not address whether work experience might also constitute a "factor other than sex," which defendants could use to justify paying plaintiff a lower salary.

## 2. Merit System

To establish the existence of a merit system, an employer must provide "some evidence of systematic employee evaluation." *Maxwell*, 803 F.2d at 447. I find that OCIC has provided sufficient evidence of the existence of a valid merit system. Indeed, plaintiff does not seem to challenge the existence of defendant's merit system. Plaintiff's Memo, p. 9. Rather, plaintiff challenges defendants' proffer of the merit system as a defense in this case. Essentially, plaintiff argues that because of her discriminatorily low starting salary at OCIC, she will never be able to "catch up" with her male comparators despite the merit system.

I have found no case law addressing plaintiff's argument.[3] However, because I find that defendants did not discriminate in setting plaintiff's starting salary, subsequent merit increases calculated as a percentage of that salary cannot be discriminatory on the basis of a discriminatory starting salary. *See Derouin v. Louis Allis Division*, 618 F.Supp. 221, 225 (E.D.Wis.1984) (merit increases tied to an employee's starting salary are discriminatory if the starting salary is discriminatory). Further, plaintiff has not directed the court to any specific evidence demonstrating defendants' merit system is a pretext for wage discrimination. Thus, defendants have established their merit system defense.

### CONCLUSION

Defendants' motion for summary judgment (doc. 44) based on establishment of an affirmative defense is GRANTED. Summary judgment based on lack of jurisdiction over defendants, Ohio Casualty Group and Ohio Security Insurance Company is GRANTED. The court notes that the dismissal of these two defendants is unopposed by plaintiff. Finally, defendants' request for costs is DENIED. This case is dismissed.

IT IS SO ORDERED.

---

3. While there is some case law, though sparse, on the merit system defense, these cases discuss whether a defendant had a valid merit system. *See, e.g., Maxwell*, 803 F.2d at 447; *Ryduchowski v. Port Authority of New York & New Jersey*, 203 F.3d 135, 142–145 (2d. Cir.2000); *EEOC v. Aetna Ins. Co.*, 616 F.2d 719, 725 (4th Cir.1980). As noted above, plaintiff appears to concede that defendants have a valid merit system.