[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15154
Non-Argument Calendar

_____

D. C. Docket No. 1:10-cv-00833-HTW

WILLENE LAWSON-JAMES,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 30, 2012)

Before BARKETT, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Willene Lawson-James, an African-American female now proceeding pro se, appeals from the district court's grant of summary judgment in favor of the City of Atlanta ("the City") in her employment discrimination suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a), and the Equal Pay Act, 29 U.S.C. § 206(d).  Lawson-James argues that the district court erred in granting summary judgment as to her Title VII claims, because she met her burden of establishing that the City's legitimate, nondiscriminatory reasons for hiring two white males to fill positions in a newly created department, instead of promoting her, were pretextual.  She further argues that the court erred in granting summary judgment as to her claim under the Equal Pay Act, because she did present evidence establishing a prima facie case of disparate pay, and, moreover, she presented evidence to dispute the City's affirmative defense that it had legitimate reasons unrelated to gender to explain the disparity between her pay and that awarded to the two male hirees.

Federal Rule of Civil Procedure 56(a) provides that a court shall grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court, and drawing all factual inferences in

2

a light most favorable to the non-moving party. Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1242-43 (11th Cir. 2001). "No genuine issue of material fact exists if a party has failed to 'make a showing sufficient to establish the existence of an element . . . on which that party will bear the burden of proof at trial.'" Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami, 637 F.3d 1178, 1186-87 (11th Cir. 2011) (modification in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986)).

When a magistrate judge notifies a party of her right to object to the magistrate's factual findings, a party's failure to object prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice. Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). We generally will not consider an argument raised for the first time on appeal. Narey v. Dean, 32 F.3d 1521, 1526 (11th Cir. 1994).

## I. TITLE VII CLAIMS

Under Title VII, it is illegal for an employer "to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual" because of such individual's race, color, or sex. 42 U.S.C. § 2000e-2(a)(1). In a

failure-to-promote case, if a plaintiff establishes a prima facie case of discrimination and the defendant "articulates some legitimate, nondiscriminatory reason" for the allegedly discriminatory actions, the plaintiff may then attack the defendant's legitimate, nondiscriminatory reason "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Brooks v. Cnty. Comm'n of Jefferson Cnty, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (quotations omitted). The plaintiff must show both that the defendant's explanation is false and that discrimination was the real reason. Id. When an employer has presented evidence that the person promoted had superior qualifications to the plaintiff, and the plaintiff attempts to establish pretext by challenging that reason and establishing that the plaintiff had superior qualifications, the "plaintiff must show that the disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Id. (quotations omitted).

Here, Lawson-James did not object to the magistrate judge's report, and we do not find that any of its factual findings rise to the level of plain error or manifest injustice. The district court properly granted summary judgment because

4

the City produced undisputed evidence that other candidates were promoted over Lawson-James because of their higher level of education and extensive background in governmental real estate management.  Lawson-James failed to show either that the City's explanations for its hiring decisions were false or that discrimination was the real reason for them.  Accordingly, we affirm the district court's ruling granting summary judgment as to Lawson-James's Title VII failure-to-promote claims.

## II.  EQUAL PAY ACT CLAIM

To establish a prima facie case under the Equal Pay Act, a party must show that "the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions." Steger v. Gen. Electric Co., 318 F.3d 1066, 1077-78 (11th Cir. 2003) (quotations omitted).  "Once the plaintiff presents a prima facie case, the employer may avoid liability by proving by a preponderance of the evidence that the pay differences are based on . . . any other factor other than sex." Id. at 1078.  If the employer meets this burden, "the plaintiff must rebut the explanation by showing with affirmative evidence that it is pretextual or offered as a post-event justification for a gender-based differential."

5

Irby v. Bittick, 44 F.3d 949, 954 (11th Cir. 1995).

We agree with the district court that Lawson-James failed to establish a prima facie case for her equal pay claim.  She did not show that her job required equal skill, effort, and responsibility as the other jobs at issue, or that she performed it under similar working conditions.  The district court also was correct in determining that, even if Lawson-James had made out a prima facie case for unequal pay, she failed to present evidence disputing the City's proof that it had legitimate reasons unrelated to gender that explained the pay disparity—that is, that the employees were compensated at a rate commensurate with their experience, education, and knowledge.  Thus, we find no basis for reversing the district court's grant of summary judgment as to Lawson-James's Equal Pay Act claim.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

6